127 So.2d 119 (1961)
CITY OF TAMPA, a municipal corporation, Appellant,
v.
CITY OF PORT TAMPA, a municipal corporation, Appellee.
No. 1987.
District Court of Appeal of Florida. Second District.
February 24, 1961.
Robert H. Carlton, Paull E. Dixon and A. Broaddus Livingston, Tampa, for appellant.
Ralph W. Rinehart, Tampa, for appellee.
SHANNON, Judge.
The City of Tampa, defendant below, has appealed from a final declaratory decree in an action brought against it by the City of Port Tampa. In 1937 the City of Port Tampa entered into a contract with the City of Tampa, as a result of which the City of Port Tampa sold and transferred its entire water system to the City of Tampa. This controversy involves whether or not the City of Tampa could charge the inhabitants of the City of Port Tampa for the extension of water mains, laterals and water pipes.
Under the terms of the contract we are concerned only with paragraph 8, which reads as follows:
"8. The City of Tampa agrees that it will extend the water mains, laterals and water pipes in the City of Port Tampa whenever necessary to furnish water to the inhabitants of said city."
The case was presented to the lower court on the bill of complaint and the answer, without any testimony or evidence as to the intent of the parties at the time of execution of the subject contract. The complaint *120 prayed for declaratory decree as to the rights, privileges and immunities of the respective parties under paragraph 8 of the contract.
The chancellor's final declaratory decree concluded that in light of the other provisions of the contract, it was the intention of the parties that no charges would be made under paragraph 8. He found that in four other paragraphs of the contract charges are authorized to be levied by the City of Tampa and to be paid by the City of Port Tampa, and held that, as to the above quoted paragraph 8 of the contract, the defendant is required to extend the water mains, laterals and water pipes in the City of Port Tampa whenever necessary to furnish water to the inhabitants of that city, without any charge therefor.
The appellant, City of Tampa, sets out the question as follows:
"May the Appellant, City of Tampa, charge the inhabitants of the City of Port Tampa, Appellee, for the extension of water mains, laterals and water pipes where the paragraph in a contract between the City of Tampa and the City of Port Tampa as to such services is silent concerning compensation, and where the intent of the parties at the time of the execution of the subject contract can not be ascertained?"
We think that the contract is not ambiguous and the fact that provision for payment was omitted from the contract sufficiently demonstrates, in itself, that the City of Tampa had no intention of charging the inhabitants of the City of Port Tampa at all.
In construing the contract between two cities in which this item is left out, we conclude that it was intentionally left out by the tacit understanding of the parties. Such action, and acquiescence therein, will supply the necessary proof that this provision was not placed in the contract advisedly.
Viewed in this light we hold that the contract is not ambiguous. In 12 Am.Jur., Contracts, § 228, it is stated that:
"Interpretation of an agreement does not include its modification or the creation of a new or different one. A court is not at liberty to revise an agreement while professing to construe it. Nor does it have the right to make a contract for the parties  * * *"
Regardless of the fact that the years may have proven this contract to be inadequate, this alone does not justify the court to modify the contract. As said in 12 Am.Jur., Contracts, § 362:
"Inconvenience or the cost of compliance, though they might make compliance a hardship, cannot excuse a party from the performance of an absolute and unqualified undertaking to do a thing that is possible and lawful. Parties sui juris bind themselves by their lawful contracts, and courts cannot alter them because they work a hardship. The rights of the parties must be measured by the contract which they themselves made. A contract is not invalid, nor is the obligor therein in any manner discharged from its binding effect, because it turns out to be difficult or burdensome to perform. It has been said that difficulties, even if unforeseen and however great, are no excuse, and that the fact that a contract has become more burdensome in its operation than was anticipated is not ground for its rescission. * * * It has also been said that the answer to the objection of hardship is that it might have been guarded against by a proper stipulation."
Both of the above propositions find support in Pierce v. Isaac, 1938, 134 Fla. 666, 184 So. 509. See also: Beach Resort Hotel Corporation v. Wieder, Fla. 1955, 79 So.2d 659; Medard v. Paulson, Fla. 1948, 37 So.2d 902; and Camichos v. Diana Stores Corporation, 1946, 157 Fla. 349, 25 So.2d 864.
*121 Recently we have had a case before us with very similar facts and law. See Azalea Park Utilities, Inc., v. Knox-Florida Development Corporation, Fla.App., 127 So.2d 121.
Appellant having made no reversible error appear, we will have to affirm the lower court.
Affirmed.
KANNER, Acting C.J., and SMITH, CULVER, Associate Judge, concur.