127 So.2d 121 (1961)
AZALEA PARK UTILITIES, INC., a Florida corporation, Appellant,
v.
KNOX-FLORIDA DEVELOPMENT CORPORATION, a Florida corporation, Appellee.
No. 1871.
District Court of Appeal of Florida. Second District.
February 24, 1961.
*122 Egerton K. Van Den Berg, Anderson, Rush, Ward & Dean, Orlando, for appellant.
Benjamin F. Smathers, Andrews & Smathers, Orlando, for appellee.
SHANNON, Judge.
The appellant, defendant below, seeks by this appeal to reverse a final decree of the chancellor declaring the rights of the parties to a written contract and issuing an injunction against the Azalea Park Utilities, Inc.
In March, 1956, Huffman Brothers, Inc., was engaged in the development of a certain real estate project in Orange County, and entered into a written contract with the appellant utility company for sewer and water service. By the terms of their agreement, Huffman Brothers, Inc., was required to build at its own expense a sewer system and a water system and to connect these systems to the utility company's lines. In addition, purchasers from Huffman Brothers, Inc., would be assessed a monthly sewage charge which was payable to the appellant utility company. The agreement specifically provided that there would be no charge for tapping in to the defendant's water lines, but the contract was silent in regards to a tap-in charge for the sewer lines. In all, some thirty-five homes were connected to these lines between the time of the contract and the time of this controversy, and in none of these did the appellant attempt to levy a tap-in charge.
In July, 1957, with the agreement of all concerned, the appellee  Knox-Florida Development Corporation  succeeded to the rights and obligations of Huffman Brothers, Inc., under the original contract of March, 1956. About a month later, the appellant and appellee corporations agreed to extend the original contract to cover certain additional lands. This suit concerns the utility company's efforts to assess sewage tap-in charges on the additional property. On June 30, 1958, when the appellee was in the process of developing the additional land, the utility company served notice that a $200 tap-in charge would be assessed for connecting each house to the company's sewage lines. The appellee paid a total of $4500, under protest, into an escrow account and instituted this suit for a declaratory decree, a refund and an injunction. The chancellor found against the utility company and entered final decree accordingly  from which this appeal was taken.
The appellant sets forth four questions in its brief, but we do not believe that it is necessary to decide the last three as a decision on the first will dispose of the case. The appellant's first question is:
"I. Whether the Court below erred in entering a decree that the plaintiff is entitled to tap into the defendant's sewer lines without paying a tap-in charge when the court found that the contract made no mention of a sewer tap-in charge and that there was no ambiguity in the contract so far as sewer charges were concerned."
The contract of March, 1956, is quite detailed, containing provisions for monthly sewer charges; estimates of meter boxes; deposits by customers; etc. In view of the other detailed provisions in this writing, it is important to note that the contract expressly excludes water tap-in charges and yet, makes no mention whatsoever of sewer tap-in charges. We do not find the contract ambiguous and therefore we must determine the intent of the parties from the writing itself. As Justice Thornal stated in Gendzier v. Bielecki, Fla., 97 So.2d 604, 608:
"* * * The rule is well established in this state as well as everywhere *123 else that when competent parties reduce their engagements to writing in terms that create a legal obligation without any uncertainty as to the object or extent of the engagement as between them, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is contained in the writing. The writing itself is the evidence of what they meant or intended by signing it. The test of the meaning and intention of the parties is the content of the written document. * * *"
The appellant argues that since the agreement is silent as to sewer tap-in charges, the company can now charge for this service. To so hold, it would be necessary for this court to read into the contract a provision which it does not contain. When the writing is silent on the point in controversy, courts are reluctant to add terms by implication, for there is a clear danger that, in so doing, the court will remake the contract. Pierce v. Isaac, 134 Fla. 666, 184 So. 509. This rule is stated in 12 Am.Jur., Contracts, § 239, as:
"The courts are, nevertheless, justly prudent and careful in implying covenants or promises lest they make the contract speak where it was intended to be silent or make it speak contrary to what, as may be gathered from all the terms and the tenor of the contract, was the intention of the parties. The power of courts to make additions to the terms of contracts on the theory of implication in the process of interpretation is limited to the necessity of effecting the intention of the parties. * * * The absence of a provision from a contract is evidence of an intention to exclude it rather than of an intention to include it. * * *"
The appellant's position in the instant case would, in effect, broaden the original contract by implying that the silence concerning sewage tap-ins permitted a charge for this action. We cannot conceive that the parties overlooked sewage taps when the contract was framed, for the contract is expressly detailed on all other matters. Adding this provision now would amount to judicial reformation of an unambiguous contract. For a recent decision of this court on a similar question see City of Tampa v. City of Port Tampa, 127 So.2d 119.
The decision of the chancellor is affirmed.
Affirmed.
KANNER, Acting C.J., and STEPHENSON, GUNTER, Associate Judge, concur.