191 So.2d 51 (1966)
BOLEN INTERNATIONAL, INC., an Illinois Corporation, (Formerly Known As Terox Corporation of America), Appellant,
v.
Robert S. MEDOW, Appellee.
No. 66-89.
District Court of Appeal of Florida. Third District.
October 11, 1966.
Rehearing Denied November 8, 1966.
Hoffman, Kemper & Johnson, Miami, Ely R. Katz and Michael H. Salmon, Miami Beach, for appellant.
Irwin S. Gars, Miami, for appellee.
Before PEARSON, CARROLL and BARKDULL, JJ.
PEARSON, Judge.
The final decree appealed states that it is entered upon motion for judgment on the pleadings. See Rule 1.11(c), Fla.R.Civ.P., 30 F.S.A. One of the determinative points *52 is the propriety of such a decree upon the posture of the case at the time of its entry. The decree is as follows:
"THIS CAUSE having come on to be heard before me, upon the Defendant, ROBERT S. MEDOW'S Motion for Judgment upon the Pleadings; and this Court having examined the Complaint, the Non-Competition Agreement referred to therein, and the Answer and Affirmative Defense of the Defendant, and being otherwise fully advised in the premises, it is, thereupon:
"ORDERED, ADJUDGED AND DECREED, as follows:
"1. That the Defendant's Motion for Judgment on the pleadings be, and the same is hereby, granted. For that this Court does hereby rule that Puerto Rico is not `within the area of the United States of America and the Dominion of Canada', as is set forth in the Non-Competition Agreement, and that, therefore, there are no restrictions whatsoever upon any activity of the Defendant in Puerto Rico.
"2. That the Court, by the signing of this Decree has not ruled on the validity or enforceability of the contract in question.
"3. That this Decree is rendered with costs and prejudice against the Plaintiff."
The appellant sought a permanent injunction prohibiting the defendant from violating a non-competition agreement. The complaint alleged: The appellant was formerly known as Terox Corporation of America and has changed its name to Bolen International, Inc. The defendant had been a shareholder, director and an officer of Terox; but he sold said interest, terminated his relationship with Terox, and entered into a non-competition agreement. The defendant agreed that he would not compete with the plaintiff "within the area of the United States of America and the Dominion of Canada." The defendant has formed a new corporation known as Cororoc, with headquarters in the Commonwealth of Puerto Rico, for the manufacture of building material products similar to, or the same as, those described in the non-competition agreement.
In paragraph 7, the complaint states:
"Plaintiff alleges that the forming of such a company by the Defendant, and engaging in the manufacture, sale or distribution of products such as those described in the Non-Competition Agreement, even though it be confined to the Commonwealth of Puerto Rico is a violation of the terms and agreements set forth in said Non-Competition Agreement. Plaintiff also alleges that Defendant has, in addition, initiated plans and taken steps to sell the products of his said company within the continental limits of the United States of America, and that, in fact, the Defendant has already contacted and solicited the business of customers of Plaintiff within the continental limits of the United States, offering to them, or seeking orders from them, of the same types of products and materials manufactured by the Plaintiff and prohibited by the Non-Competition Agreement. Any such sales of such products by the Defendant would be a direct violation of the terms of the Non-Competition Agreement and would result in serious damage to the Plaintiff."
The defendant's answer denied this allegation.
The plaintiff, appellant, urges three reasons for holding that the entry of the decree on the pleadings was improper. They are: (1) Puerto Rico, within the purview of the non-competition agreement, is "within the area of the United States of America."; (2) it is error to enter a decree upon the pleadings when only a portion of the case is disposed of by said decree; (3) it is error for the court to refuse to rule on the validity or enforceability of the agreement.
The first point presented by the appellant is without merit. In the non-competition *53 agreement, the term, "United States of America", is used to establish the area within which the restriction is to be effective; it is used in a geographical sense. The "area of the United States of America" is that portion of our planet enclosed within the external boundaries of the several states which are united under the Constitution. See Harcourt v. Gaillard, 12 Wheat. 523, 6 L.Ed. 716; Hooven & Allison Co. v. Evatt, 324 U.S. 652, 65 S.Ct. 870, 89 L.Ed. 1252 (1945). In a geographical sense, the Commonwealth of Puerto Rico is not within the United States. Furthermore, any ambiguous or doubtful language in the non-competition agreement is to be construed against the restraint. See Storz Broadcasting Co. v. Courtney, Fla.App. 1965, 178 So.2d 40. We find no error in the chancellor's ruling that Puerto Rico is not within the area of the United States of America; however, he erred in granting the motion for judgment on the pleadings.
The ruling on the Puerto Rico question did not dispose of the entire case. In ruling on the motion for judgment on the pleadings, the allegation that the defendant is preparing to sell a competitive product within the continental limits of the United States of America must be taken as true. See Trail Burger King, Inc. v. Burger King of Miami, Inc., Fla.App. 1966, 187 So.2d 55, 57. The plaintiff is not required to wait for the actual violation of the agreement before seeking the aid of the courts. See Thompson v. Shell Petroleum Corp., 130 Fla. 652, 178 So. 413, 117 A.L.R. 248 (1938); Coast Cities Coaches, Inc. v. Whyte, Fla.App. 1961, 130 So.2d 121.
The moving party, appellee, was not clearly entitled to judgment on the facts which were admitted for the purpose of the motion, and the Rules of Civil Procedure do not provide for a partial final decree upon the pleadings. See Morris v. Truax, Fla.App. 1963, 152 So.2d 515, 518. See also Fontainebleau Hotel Corp. v. Young, Fla.App. 1964, 162 So.2d 303. We therefore conclude that the partial final decree upon the pleadings must be reversed.
We do not comment on appellant's contention that it is entitled to a determination of the validity and enforceability of the noncompetition agreement. We are confident that the chancellor will rule upon all questions that are necessary for the adjudication of the issues between the parties.
The final decree appealed is reversed, and the cause is remanded with directions to proceed with the adjudication of the issues presented by the pleadings.
Affirmed in part, reversed in part and remanded.