ERVIN, Judge.
In March, 1974, appellant American Arlington Bank agreed to consolidate a past due note and another demand note of appel-lee Cohen’s into one demand note totaling approximately $7,400.00. Cohen and another individual had previously executed a third demand note, for $10,000.00, to Arlington. To secure all of Cohen’s obligations, the parties signed a bailment agreement, on September 21, 1974, making Arlington bailee of Cohen’s painting of King George III of England, allegedly one of three portraits of the king by the 18th century painter, George Ramsey, and appraised at $37,500.00. Arlington agreed as follows:
1. To display the above property in the lobby of the AMERICAN ARLINGTON BANK located in Jacksonville, Florida, for as long as and in any manner, the Bailee desires during the life of the aforementioned loans.
2. To return the property upon payment of the loans secured by the painting, but Bailee shall not be liable for loss, or injuries to property by fire or theft or any reason whatsoever, or otherwise by act of God, or otherwise than for damage resulting from fraud or gross negligence.
3. To insure the aforementioned property in some reputable insurance company, for the period of this Agreement for its full value.
4. To keep insured said property as full value against loss or damage by fire, burglary, holdup, or robbery, according to standard form of policy, until property is returned to bailor.
The painting was hung in the glass-enclosed office of one of Arlington’s vice-presidents, while there its surface was scratched. Cohen defaulted on the notes and Arlington sued. Cohen answered with affirmative defenses, which the trial judge struck, and counterclaimed seeking specific performance of an oral contract, damages for fraud, negligence, gross negligence and breach of the bailment agreement by Arlington’s failure to insure the painting and to hang the painting in its lobby.
The trial court directed a verdict in favor of Arlington on its complaint and on all counts of Cohen’s counterclaim except *371 Count III, which alleged breach of the bailment agreement due to Arlington’s failure to hang the painting in its lobby. That issue went to the jury, which returned a verdict in favor of Cohen, assessing damages at $37,500.00, the amount at which the painting was appraised.
Arlington argues, and we agree, that the trial court erred 'in refusing to direct a verdict on Count III of Cohen’s counterclaim. The bailment agreement clearly states that Arlington was to have complete control over the location and manner of display of the painting. The intention of the parties to an unambiguous, written contract is to be determined from the writing itself. Azalea Park Utilities, Inc. v. Knox-Florida Development Corp., 127 So.2d 121, 123 (Fla. 2d DCA 1961); Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957).
On cross-appeal, Cohen argues that the trial court erred in striking his affirmative defenses alleging (1) that Arlington was equitably estopped from enforcing payment on the note because it had not consolidated the note with another, as agreed; (2) that Arlington fraudulently agreed to consolidate the notes; (3) that Arlington was guilty of negligence and gross negligence in its care of the painting, and was estopped from enforcing the note because its actions had diminished the painting’s value; (4) that Cohen timely tendered payments and interest and, therefore, Arlington was es-topped. We agree with Arlington that the allegations did not refer to Cohen’s obligations on the promissory notes, with the exception of the last one, which we observe was not supported by the record and which set out no facts justifying estoppel. The other defenses were properly struck since they alleged separate causes of action. Additionally, the affirmative defenses were realleged in Cohen’s counterclaim, where they were not struck, although the trial court directed a verdict against Cohen on all counts except Count III. Cohen has not appealed the directed verdict.[1]
This case is reversed and remanded with instructions to the trial judge to direct a verdict for Arlington on Count III of the counterclaim.
MILLS, Acting C. J., and MASON, ERNEST E., Associate Judge, concur.

. Cohen’s argument on cross-appeal, that the trial court erred in striking his claim for punitive damages, is irrelevant, since we have sustained in this opinion Arlington’s point on appeal that it did not breach the bailment agreement. Even if we accepted Cohen’s argument that the agreement was ambiguous, and that Arlington breached its terms, the alleged breach could not have been shown to be “a tort which was wilfully and wantonly committed or was attended by fraud, malice, or gross negligence.” Charter Air Center, Inc. v. Miller, 348 So.2d 614, 616 (Fla. 2d DCA 1977).