513 So.2d 178 (1987)
Susan ATKINS, Individually and D/B/a Susanna Ray, Appellant,
v.
Stanley LITSINGER and Susan Litsinger, Appellees.
No. 87-759.
District Court of Appeal of Florida, Second District.
September 4, 1987.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holts, P.A., Fort Myers, for appellant.
Theodore L. Tripp, Jr., of Garvin & Tripp, P.A., Fort Myers, for appellees.
FRANK, Judge.
The appellant, Susan Atkins, owned a women's clothing boutique named "Oh' Susanna" located on Sanibel Island, Florida. She sold the store to the appellees, the Litsingers, pursuant to a contract containing the following language:
"Seller agrees not to directly or indirectly compete with Purchasers in the operation of a clothing and accessory boutique on Sanibel Island, Florida for a period of five (5) years from date of closing, except Seller shall have the right to continue her present business now located at 31 Periwinkle Place... ."
Subsequent to the sale of "Oh' Susanna" Atkins opened a store on Captiva Island. Approximately one year later, the Litsingers sought and procured a temporary injunction claiming that the operation of the Captiva store violated the non-compete language in the agreement. The trial court granted a temporary injunction. Atkins *179 unsuccessfully attempted to achieve dissolution of the injunction. A second effort at dissolution was fruitless.
The interpretation of the covenant not to compete is a matter of law for resolution by the trial court. Folwell v. Bernard, 477 So.2d 1060 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986). Upon review we are empowered to undertake an assessment of the covenant's meaning. Hartford Insurance Company of the Southeast v. City of Sanibel, 500 So.2d 581 (Fla. 2d DCA 1986). We conclude the trial court was incorrect in its perception of the restrictive language.
The phrase "on Sanibel Island" operates geographically to limit where Atkins may engage in a competitive business. The words cannot reasonably be understood, as the Litsingers urge, simply to describe the location of the boutique they purchased from Atkins. The Litsingers' and the trial court's view of the language results in a covenant not to compete without any geographic constraint. Giving the covenant the plain meaning we find within its terms, Atkins may not create another business on Sanibel Island which competes with the Litsingers' boutique with the exception that Atkins may, of course, continue to operate the existing boutique at 31 Periwinkle Place on Sanibel Island.
The trial court's order denying Atkins' motion to dissolve the temporary injunction is reversed; we remand for the entry of an order dissolving the injunction and the conduct of further proceedings which may include Atkins seeking to invoke the relevant provisions of rule 1.610(b) of the Florida Rules of Civil Procedure.
RYDER, A.C.J., and BOARDMAN, EDWARD F. (Ret.), J., concur.