BOARDMAN, EDWARD F., (Ret.) Judge.
By this appeal, the appellant, John T. Bailey, seeks review of a final order denying his cross-claim for breach of the parties’ lease agreement and awarding the ap-pellee, Royal Air Services, Inc. (Royal) the expenses it incurred for repairs performed on Bailey’s aircraft while under lease by Royal.* We affirm the trial court’s monetary award to Royal, but reverse its denial of Bailey’s cross-claim.
The parties entered into a lease agreement on December 21,1984, in which Royal agreed to lease Bailey’s airplane for a one-year period for a monthly rental based on the following formula specified in the parties’ written lease.
XVI. FEES:
... The Lessee agrees to pay to the Lessor a minimum amount of hours of Four Hundred-Twenty (420) hours for the period of this Agreement [one year]. Such rate to be paid by the Lessee to the Lessor shall be Eighty ($80.00) Dollars per each hour of usage.
In addition, the lease provided for assignment of the agreement by either party upon obtaining the prior written consent of the other party, and further, that:
XII. ASSIGNMENT:
[[Image here]]
... It is agreed by the parties to this Agreement that the Lessor shall have the right to assign a portion of the proceeds equal to such payment of the existing note and mortgage now owing to Sun Bank, Naples N.A., with such assignment being paid before any other such payments to the Lessor from the Lessee.
In accordance with the above-quoted provision, Bailey assigned the lease proceeds to Sun Bank, requiring Royal to disburse to the bank $1700 per month in rents as payment for the bank’s existing note and mortgage on Bailey’s aircraft. The assignment as well as Royal’s written consent was evidenced by the following letter, which we insert in toto in this opinion as helpful to a proper resolution of this matter:
*1122 [[Image here]]
In compliance with the agreed-upon assignment of rents, Royal paid Sun Bank a total sum of $6700. On or about June 1985, Royal ceased to make any further payments as required under the lease and assignment for the primary reason that the maintenance costs on the aircraft were higher than originally anticipated, and it was no longer profitable for Royal to use the aircraft for passenger charter service. Royal’s agent informed the bank of its intent not to make future payments on Bailey’s loan, which was secured by the aircraft. It is this unilateral act on the *1123 part of Royal which constituted a flagrant breach of the parties’ agreement. The bank then took possession of the aircraft located at Royal’s place of business, and initiated foreclosure proceedings against Bailey from which the present controversy stems.
Initially, Bailey argues that Royal failed to abide by the terms of the lease agreement and subsequent assignment in refusing to make the payments required under both instruments, and that, as such, the trial court erred in denying his cross-claim seeking to recover the remaining amounts due under the lease. We agree.
The record before us reveals that the trial court interpreted the language contained in the fees provision of the lease that “Lessee agrees to pay to the Lessor a minimum amount of hours of Four Hundred-Twenty (420) hours for the period of this Agreement [one year],” as not requiring that Royal pay a minimum annual rental irrespective of the actual amount of hours it used the aircraft. The trial court then determined that the $6700 Royal previously paid in rents sufficiently satisfied the amount that Royal was required to pay based on its actual usage of the aircraft until June 1985, when Royal ceased making the rent payments.
A plain interpretation of the above language, however, cannot give rise to any other reasonable meaning than that the parties intended to establish a minimum rent for the term of the lease regardless of actual usage. See Atkins v. Litsinger, 513 So.2d 178 (Fla. 2d DCA 1987). “Interpretation of an agreement does not include its modification or the creation of a new or different one. A court is not at liberty to revise an agreement while professing to construe it. Nor does it have the right to make a contract for the parties.” City of Tampa v. City of Port Tampa, 127 So.2d 119, 120 (Fla. 2d DCA 1961) (quoting 12 AmJur. Contracts § 228).
We, therefore, conclude that the trial court’s construction is clearly erroneous. Applying the interpretation which we deem appropriate, Royal remains owing the minimum annual rental of $33,600 (420 hours x $80) less the $6700 it has already paid in rents.
Likewise, the same reasoning applies to the interpretation accorded by the trial court to Royal’s acknowledgment of the request for assignment of rental proceeds, and to its agreement “to disburse said funds accordingly,” as stated in the parties’ letter incorporated as part of this opinion. In interpreting those words, the trial court improperly considered the oral testimony of the parties in the face of an unambiguous, written instrument — the assignment. American Arlington Bank v. Cohen, 369 So.2d 369 (Fla. 1st DCA 1979). It is a firmly established principle of law that the intent of parties to an unambiguous written contract must be determined from the writing itself. Azalea Park Utilities, Inc. v. Knox-Florida Development Corp., 127 So.2d 121 (Fla. 2d DCA 1961).
Based on the parties’ testimony, the trial court concluded that Royal merely agreed to disburse the funds to Sun Bank according to the amount of income Royal generated in any given month from its use of the aircraft for passenger charter service. After reviewing both the assignment letter and the lease, however, we find no basis to support that interpretation. The plain, unambiguous meaning of the term “accordingly” as used in the assignment can only be that Royal would disburse the funds to the bank according to Bailey’s above-stated request in the letter, i.e., $1700 per month. Id.
• Bailey raises two other points in this appeal pertaining to the portion of the trial court’s order which awards Royal the expenses it incurred in repairing Bailey’s aircraft. We refrain from any discussion of those points, which we find meritless. See Tsavaris v. NCNB Nat’l Bank, 497 So.2d 1338 (Fla. 2d DCA 1986).
Accordingly, we affirm that portion of the trial court’s order which refers to the monetary award for repairs, reversing only the denial of Bailey’s cross-claim for the balance of the minimum annual rental owed by Royal under the lease.
*1124 We further remand this matter to the trial court for the entry of an order consistent with this opinion.
DANAHY, C.J., and LEHAN, J„ concur.

 This consolidated lawsuit was instituted by Sun Bank of Naples, Florida against both Royal and Bailey, seeking enforcement of promissory notes executed by Bailey and foreclosure of its security interest in Bailey’s aircraft. Sun Bank also sued for a declaration that its security interest in the aircraft was superior to Royal’s lien for the cost of repairs performed on the aircraft. Both party defendants filed cross-claims which form the basis of this appeal.