RYDER, Judge.
Appellee, William Ross, purchased the Pinellas County portion of a real estate brokerage business from appellants, Doris Killian and Tam-Bay Realty, Inc. The contract to purchase contained a covenant not to compete. The covenant provided:
K. Covenant Not to Compete. The seller, and Doris Killian, covenant not to compete with the purchaser and purchaser’s business by opening, operating, serving as an officer, director or other employee of any real estate brokerage business located within the geographical boundaries of Pinellas County, Florida, for a period of three years from the date of closing. Additionally, said noncompetitive agreement shall provide that neither seller, nor Doris Killian shall attempt to hire or contract with any of the real estate salesmen, salesmen/brokers or brokers or other employees of purchaser for a period of six months from the date of closing, and shall constitute a default under the terms of said noncompetitive agreement and this agreement.
At closing for the additional consideration of $15,000.00, appellants executed a second covenant not to compete with terms identical to those contained in the contract.
Subsequent to the sale, appellants advertised in the yellow pages of the St. Peters-burg telephone book listing a St. Peters-burg telephone number, ran advertisements of homes located in Pinellas County in the St. Petersburg Times newspaper, listed itself in the 1987 RELO Directory, a relocation directory used by realtors, as doing business in almost all Pinellas County communities, and advertised properties for sale in Pinellas County.
*1201 Appellee brought suit against appellants alleging breach of the noncompete agreements, fraud and misrepresentation. Ap-pellee sought injunctive relief and damages.
Both parties moved for summary judgment and filed supporting affidavits. The trial court granted a partial summary judgment in favor of appellee holding:
1. The Court finds that there exists no dispute of fact or law and that, therefore, a partial summary judgment is appropriate on the issue of liability concerning the covenant not to compete which is the subject of this litigation. The Defendants took the position that the covenant not to compete in question precluded them only from opening up a physical place of business or business office within the confines of Pinellas County. The Plaintiff took the position that the cove-, nant not to compete precluded the conduct of business within Pinellas County regardless of the establishment of a physical business location within Pinellas County. The Court finds that the plain meaning of the contract supports the Plaintiff’s and not the Defendants’ position in this regard. The Court does not find any ambiguity in the language of the contract and consequently, finds that the evidence presented by the Defendants as to their subjective intent in entering into the agreement to have no relevance to the construction of the contract and such evidence creates no issue of material fact.
2. Therefore, the Court hereby enters a partial summary judgment in favor of the Plaintiff finding that the Defendants, Doris Killian and TAM-BAY REALTY, INC., have breached the noncompete agreement by the actions set forth in the Affidavit of William H. Ross filed in support of the Motion for Partial Summary Judgment.
On appeal, appellants contend that the trial court misinterpreted the restrictive language of the noncompete clause and, consequently, erred in granting a partial summary judgment in appellee’s favor because the noncompete agreement precluded, only, appellants “opening, operating, serving as an officer, director or other employee of any real estate brokerage business located within the geographical boundaries of Pinellas County.” Appellants contend that this case is controlled by this court’s decision in Atkins v. Litsinger, 513 So.2d 178 (Fla. 2d DCA 1987). We agree and reverse.
In Atkins, this court declined to enforce a noncompete agreement. Atkins owned a women’s clothing boutique located on Sani-bel Island, Florida. She sold the store to the Litsingers. The contract of sale contained a noncompete agreement which provided:
Seller agrees not to directly or indirectly compete with Purchasers in the operation of a clothing and accessory boutique on Sanibel Island, Florida for a period of five (5) years from date of closing, except Seller shall have the right to continue her present business now located at 31 Periwinkle Place.
Id. at 178. Subsequently, Atkins opened a store on Captiva Island. The Litsingers obtained a temporary injunction claiming that Atkins’ operation of the Captiva store violated the noncompete agreement.
On appeal, a panel of this court held that the phrase “on Sanibel Island” operated geographically to limit where Atkins could engage in a competitive business. Id. at 179. The court held that “[gjiving the covenant the plain meaning we find within its terms, Atkins may not create another business on Sanibel Island which competes with the Litsingers’ boutique with the exception that Atkins may, of course, continue to operate the existing boutique at 31 Periwinkle Place on Sanibel Island.” Id.
In the instant case, “giving the covenant the plain meaning we find within its terms,” appellants were prohibited from competition with appellee by “opening, operating, serving as an officer, director or other employee of any real estate brokerage business located within the geographical boundaries of Pinellas County.” Appellants did not breach the noncompete agreement because appellants did not compete with appellee by “opening, operating, serv *1202 ing as an officer or director of any brokerage business located within Pinellas County.”[1] They competed with appellee within Pinellas County from a brokerage business located outside of- Pinellas County thereby adhering to the literal meaning of the noncompete agreement. The trial court misinterpreted the restrictive language of the noncompete agreement.
Accordingly, we reverse and, there being no material issue of fact, order the trial court to enter a summary judgment in favor of appellants.
REVERSED.
CAMPBELL, C.J., and SCHOONOVER, J., concur.

. The term "locate” means: "1. To determine or specify the position and boundaries of_ 2. To find by searching, examining, or experiment-ing_ 3. To station, situate, or place_ To become established in some spot; settle.” The American Heritage Dictionary (1976).