533 So.2d 942 (1988)
Mindy FRUMKES, Appellant,
v.
BEASLEY-REED BROADCASTING OF MIAMI, INC., a Florida Corporation, Appellee.
No. 88-2529.
District Court of Appeal of Florida, Third District.
November 22, 1988.
Ira Marcus, for appellant.
Broad and Cassell and Ira R. Gordon, for appellee.
Before HUBBART, NESBITT, and FERGUSON, JJ.
PER CURIAM.
This is an appeal from an order granting a temporary injunction to enforce the non-compete covenant of an employment agreement. We reverse.
Appellant Mindy Frumkes, a radio personality, and appellee Beasley-Reed (Reed), owner of Miami radio station WPOW, entered into a two-year employment agreement. The agreement contained a section entitled "Covenant not to Compete" which stated that if the employment agreement were terminated by Reed for cause, Frumkes could not engage in any activity which would compete with Reed/WPOW for a period of six months from the date of the contract's termination. The geographical area encompassed by the non-compete covenant covered a seventy-five mile radius from the Reed/WPOW location.
On August 25, 1988, some three months after signing the contract, Frumkes tendered a letter of resignation to appellee. On September 22, she commenced employment with another Miami radio station, WHQT. That day, Reed filed a lawsuit *943 seeking injunctive relief to enforce the non-compete covenant as well as damages for breach of contract. At a September 27 hearing, Reed conceded that the non-compete covenant was not applicable because Frumkes had not been terminated for cause. The court declined to enter the temporary injunction. Reed then sent Frumkes a letter on September 27 informing her that her employment had been terminated for cause as a result of her employment with WHQT. Subsequently, Reed renewed its request for a temporary injunction to enforce the non-compete clause. The trial court granted the motion based upon findings that the duration of the employment agreement was definite and not terminable at will and that Frumkes had properly been terminated for cause after she breached that agreement. Frumkes now appeals the non-final order granting the injunction.
Non-compete agreements and section 542.33(2)(a), Florida Statutes (1987), which permits them, are in derogation of the common law rule which precludes agreements in restraint of trade. Consequently, any such agreement must be construed strictly against the alleged restraint. See Dunkin, D.O. v. Barkus & Kronstadt, D.O.'s, P.A., 533 So.2d 877 (Fla. 3d DCA 1988); Bolen Int'l, Inc. v. Medow, 191 So.2d 51 (Fla.3d DCA 1966), cert. denied, 200 So.2d 808 (Fla. 1967); Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla.3d DCA 1965), cert. denied, 188 So.2d 315 (Fla. 1966). The non-compete agreement between the parties to this suit specifically states that it becomes effective "[i]n the event that this [employment] Agreement is terminated by the Company" for cause. From the clear language of the agreement, appellee's ability to enforce the covenant is narrow and contemplates only a for cause termination; it is not applicable if the termination is due to Frumkes's resignation. Because Frumkes acted first to terminate the contract, it was futile for the appellee to then terminate her for cause so that the covenant might become applicable. Thus, it was error to enforce the non-compete covenant.
Because of our resolution of this issue and because the posture of the case as it stands before us requires us only to rule on the enforceability of the non-compete agreement, we find it unnecessary at this juncture to address whether the employment agreement was for a definite term or whether it was terminable at will.
Accordingly, we reverse the order granting a temporary injunction to enforce the non-compete agreement, and we remand for further proceedings.
REVERSED AND REMANDED.