EVANS, V.W., Jr., Associate Judge.
The trial court entered a summary final judgment on November 22, 1985. In the summary final judgment the parties were referred to as plaintiffs/counter-defendants and defendants/eounter-plaintiffs. The judgment found defendants/counter-plaintiffs, appellees here, to be the owners of certain horses at issue in the case. In the judgment the court mistakenly designated them as plaintiffs/counter-defendants, but this is of no significance inasmuch as in a subsequent proceeding enforcing the return of the horses it is clear that defendants/counter-plaintiffs, appellees here, were, indeed, found to.be the owners of the horses. The summary final judgment further found in favor of the plaintiffs/counter-defendants, appellants here, in both the complaint and counterclaim as to liability and that “ * * * defendants/counter-plaintiffs shall take nothing as to liability.” As indicated above, the defendants/counter-plaintiffs below are the appellees here. The judgment reserved jurisdiction only for the purpose of taxing costs and assessment of attorneys’ fees. This summary final judgment was entered by Circuit Judge Harold Vann.
On June 3, 1987, one year and seven months later, the appellees filed a motion to amend final judgment complaining of errors in the entry of the summary final judgment and sought a further evidentiary hearing on the issue of money damages. Circuit Judge C. Vernon Mize, as successor judge, held an evidentiary hearing, over objection of appellants, and entered a supplemental final judgment on September 21, 1987, in favor of the appellees and against appellants in the amount of $9,355.00.
The trial court was without jurisdiction to enter the supplemental final judgment with award of money damages. The remedy of appellees, defendant/counter-plaintiffs below, was by way of appeal to this court from the summary final judgment entered by Judge Vann and not by way of motion to a successor trial judge.
Reversed and remanded for entry of appropriate orders consistent with this opinion.
ORFINGER and DANIEL, JJ., concur.