579 So.2d 855 (1991)
Ogelean RIDDICK and Suncoast Beauty School of Florida, Inc., a Florida Corporation, Appellants,
v.
SUNCOAST BEAUTY COLLEGE, Inc., a Florida Corporation, and JoAnn Phillips, Appellees.
No. 90-03211.
District Court of Appeal of Florida, Second District.
May 17, 1991.
*856 Aubrey O. Dicus and Margie E. Fraley of Battaglia, Ross, Hastings and Dicus, P.A., St. Petersburg, for appellants.
Charles M. Phillips, Dunedin, for appellees.
THREADGILL, Acting Chief Judge.
Ogelean Riddick files this interlocutory appeal from a trial court order finding that Riddick's operation of a beauty salon violates a covenant not to compete. We reverse.
In 1988, the appellant, Ogelean Riddick, sold the Suncoast Beauty School of Florida, Inc., to the appellees, Suncoast Beauty College, Inc., a Florida corporation, and JoAnn Phillips. The appellant, in exchange for payment of $20,000.00 from the appellees, executed a covenant not to compete which stated in pertinent part:
For a period of five (5) years from date of closing and transfer of the business interest and assets, SUNCOAST BEAUTY SCHOOL OF FLORIDA, INC. and OGELEAN RIDDICK, as an individual, will not directly or indirectly for themselves or on behalf of any person, persons, partnership or corporation engage or attempt to engage in the ownership or operation of a beauty school in Pinellas County, Florida; nor aid or assist anyone else, except the Buyer, to do so within these limits; nor solicit in any manner any past accounts of the business; nor have any interest, directly or indirectly, in such a business; except that Ogelean Riddick, individually may perform inspections for National Accrediting Commission of Cosmetology Arts and Sciences (NACCAS), and may be a free-lance conductor of seminars and a teacher of instructors and students in the beauty school environment.
The appellant subsequently opened a hair salon within one mile of the location of the beauty school.
The appellees filed a complaint against the appellant for breach of the covenant not to compete. The complaint alleged, among other things, that the appellant had solicited past accounts of the business which she had sold to the appellees. The complaint sought temporary and permanent injunctions as well as compensatory and punitive damages.
The trial court bifurcated the issues and held an evidentiary hearing strictly on whether the appellant's operation of the beauty salon violated the covenant not to compete. After the hearing, the trial court found that the appellant's beauty salon "has had such identity with the customer-related portion of the business of [the beauty school], that the said two businesses are `like businesses' within the meaning of the Covenant Not To Compete so that the Covenant Not To Compete has been violated... ." This order is the subject of this appeal.[1]
The interpretation of a covenant not to compete is a matter of law to be resolved by the trial court. Atkins v. Litsinger, 513 So.2d 178 (Fla. 2d DCA 1987). An appellate court is, however, empowered to assess a covenant's meaning. Id., (citing Hartford Insurance Company of the Southeast v. City of Sanibel, 500 So.2d 581 (Fla. 2d DCA 1986)). Upon review, we find that the trial court applied the covenant beyond its express terms.
Non-compete agreements are in the nature of agreements in restraint of trade. As such, they are in derogation of common law, and must be strictly construed against the alleged restraint. Frumkes v. Beasley-Reed Broadcasting of Miami, Inc., 533 So.2d 942 (Fla. 3d DCA 1988). The operative phrase of the covenant to be examined at the evidentiary hearing was: "nor have any interest, directly or indirectly, in such a business." The term "such a business" necessarily refers to the antecedent term "beauty school." Therefore, the question *857 before the trial court at the hearing was whether the beauty school encompassed a beauty salon.
Testimony at the hearing established that the beauty school has a clinic floor to provide students with an opportunity to apply the theory they have learned. Similarities between a clinic floor and a salon are that both provide hairdressing services for a fee and attempt to attract customers from the general public. In addition, the appellant had previously owned the school and presently owned the salon, and the salon's hairdressers were former students of the school. The appellee, JoAnn Phillips, testified that prior to buying the school, she examined financial records reflecting that, in 1986 and 1987, the percentage ratio between the school's tuition income and that from the clinic floor was 50:50. The appellees' managing director and financial consultant both testified that during the time they were employed by the school, the clinic floor accounted for twenty to thirty-five percent of the school's income.
The appellant presented testimony concerning the differences between a beauty school and a beauty salon. Henry Ward, former chairman of the State Board of Cosmetology, testified that the purpose of a beauty school is to educate students for the hairdressing industry and prepare them to pass the state's licensing examination, while the purpose of a beauty salon is to allow licensed hairdressers to earn a living. Since October of 1989, schools and salons have been regulated by different licensing boards. Furthermore, under Florida Administrative Code 21F-21.08 (1983), a school of cosmetology "shall not be conducted in the same licensed space allocation with any other business, including a cosmetology salon." Finally, the appellant and Richard Payant, the attorney who drafted the covenant not to compete, both testified that the covenant was not intended to prohibit the appellant from owning and/or operating a salon. The witnesses testified about discussions during sale negotiations wherein it was agreed that the appellant would not be prohibited from continuing her livelihood outside the school environment. The appellant specifically recalled an earlier draft of a contract prepared by the appellees' attorney which included a restriction concerning beauty shops, and the appellant required that the provision be stricken. This testimony was not denied by the appellee.
Since the term "beauty school" was ambiguous, the trial court correctly admitted parol evidence to explain it. See Joseph U. Moore, Inc. v. Howard, 534 So.2d 935 (Fla. 2d DCA 1988). Ambiguous or doubtful language in a covenant not to compete is to be construed against restraint. Bolen International, Inc. v. Medow, 191 So.2d 51 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 808 (Fla. 1967). We do not find competent, substantial evidence on the record to establish that the covenant was intended to prohibit the appellant from owning or operating a beauty salon. Furthermore, while the evidence presented at the hearing demonstrates similarities between a clinic floor and a salon, it does not establish that a beauty salon is a beauty school within the meaning of the covenant not to compete. Non-competition agreements "will not be construed to extend beyond their proper import or further than the language of the contract absolutely requires." Zimmer v. Pony Express Courier Corp., 408 So.2d 595, 597 (Fla. 2d DCA), rev. denied, 418 So.2d 1280 (Fla. 1982).
We therefore reverse and remand for further proceedings. Upon remand, the trial court should determine whether other violations of the covenant exist and appropriate remedies, if any. Although the appellants' counsel stipulated that the salon's beauticians have solicited past customers of the school, it is yet to be determined whether that solicitation, in and of itself, constituted a breach of the covenant not to compete.
Reversed and remanded.
PARKER and PATTERSON, JJ., concur.
NOTES
[1] In a separate proceeding, the trial court entered a permanent injunction enjoining Ogelean Riddick, her daughter, and four beauticians she employed, from serving past customers of the Suncoast Beauty School. On appeal, this court reversed the injunction finding that it named persons not within the jurisdiction of the court, and that it prematurely decided questions still at issue. See Riddick v. Suncoast Beauty College, Inc., 570 So.2d 1064 (Fla. 2d DCA 1990).