617 So.2d 1158 (1993)
Howard B. WEINTRAUB, Harriet Weintraub, his wife, and Howard B. Weintraub, Inc., Appellants,
v.
Elliot ROTH and Elliot Roth, Inc., a Florida Corporation, Appellees.
No. 92-3304.
District Court of Appeal of Florida, Fourth District.
May 19, 1993.
*1159 Martin H. Cohen, Cohen & Mazzarantani, P.A., Sunrise, for appellants.
Roberta M. Deutsch, Pompano Beach, for appellees.
PER CURIAM.
We reverse a temporary injunction enforcing a covenant not to compete.
The trial court entered a temporary injunction preventing appellant from conducting any business at his new location pending final hearing. The order also prohibited him from identifying the business using his own name, using the letters "CPA" on a sign, and distributing a flyer showing that he had moved. The contract for sale of appellant's accounting business excluded from the sale appellant's "annual business clients and their related tax returns and all personal income tax clients." A covenant required appellant not to compete against the buyer in the establishment of an accounting business for a period of five years and a distance of ten miles. A separate covenant not to compete signed on the closing date specifically provided that seller would not solicit or perform "accounting services for any corporate or individual, monthly or quarterly clients, unless said clients are first referred to Roth and Roth has refused to represent same." The logical construction of the two provisions is that appellant would not compete in the type of business sold to appellee, namely monthly and quarterly accounting work, as appellant had specifically excluded from the sale his income tax business.
Because a covenant not to compete is in the nature of an agreement in restraint of trade, it is in derogation of common law and must be strictly construed against the alleged restraint. Riddick v. Suncoast Beauty College, Inc., 579 So.2d 855, 856 (Fla. 2d DCA 1991); Frumkes v. Beasley-Reed Broadcasting of Miami, Inc., 533 So.2d 942 (Fla. 3d DCA 1988). "Ambiguous and doubtful language in a covenant not to compete is to be construed against restraint." Riddick, 579 So.2d at 857; Bolen International, Inc. v. Meadow, 191 So.2d 51 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 808 (Fla. 1967). While the construction of the covenant not to *1160 compete is a matter of law for the trial court, the appellate court may assess the covenant's meaning. Riddick, 579 So.2d at 856.
There was no evidence presented that appellant was competing with appellee in the monthly and quarterly accounting service business. Appellee admitted as much. Therefore, it was error to enjoin appellant from conducting all business at his current business address, from using his name in its title and from distributing a flyer showing that appellant had moved. The remaining provisions of the temporary injunction are moot by reason of lapse of time.
Reversed.
GLICKSTEIN, C.J., and GUNTHER and WARNER, JJ., concur.