751 So.2d 645 (1999)
GOLD COAST MEDIA, INC., Appellant,
v.
Barry MELTZER, Appellee.
No. 98-3420.
District Court of Appeal of Florida, Third District.
December 22, 1999.
Rehearing Denied March 8, 2000.
Fowler, White, Burnett, Hurley, Babick & Strickroot and Steven W. Hyatt, Paul S. Berger and June G. Hoffman, Miami, for appellant.
Russomanno & Borrello and Herman J. Russomanno and Robert Borrello, Miami, for appellee.
Before NESBITT, COPE, and SORONDO, JJ.
NESBITT, J.
An employer appeals the summary judgment entered in employee's favor, concluding that a non-compete agreement, as worded, was not enforceable against employee. On the following analysis, we reverse.
Barry Meltzer, an executive of Gold Coast Media, Inc., brought a declaratory relief action asking the trial court to declare whether the non-compete agreement Meltzer had executed was enforceable against him. The agreement was entitled:
"AGREEMENT WITH EMPLOYEES AND INDEPENDENT CONTRACTORS REGARDING INTELLECTUAL PROPERTY, CREATIVE RIGHTS AND PROPRIETARY INFORMATION, CONFIDENTIALITY, NON CIRCUMVENTION AND NON-COMPETE TERMS."
Paragraph 9 of the Agreement stated:
I AGREE that, upon my termination from employment or engagement by the company, for any reason, or for no reason, I WILL NOT WORK, OR RENDER *646 ADVICE, IN THE PSYCHIC INFOMERCIAL AND/OR "900" TELEPHONE NUMBER, OR ANY OTHER BUSINESS IN COMPETITION, DIRECTLY OR INDIRECTLY, WITH THE COMPANY, IN ANY OF THE FOLLOWING GEOGRAPHICAL AREAS: THE ENTIRE UNITED STATES OF AMERICA AND PUERTO RICA [sic], EITHER DIRECTLY OR INDIRECTLY A[sic] employee, or as an agent, consultant or representative of any other person, firm or legal entity, FOR A PERIOD OF THREE (3) YEARS.
At the hearing on the matter, Meltzer maintained that the agreement, as worded, was not applicable to him where he had voluntarily decided to leave the company. The court ordered a continuance to allow Gold Coast to conduct discovery as to the intent of the parties. Thereafter, in response to a motion for summary judgment by Meltzer, employer Gold Coast filed affidavits. Meltzer filed a motion to strike the affidavits. The trial court did not rule on that motion, but granted summary judgment in Meltzer's favor.
A trial court's interpretation of a contract should be supported by logic and reason. It is fundamental that courts should apply the most commonly understood meaning with regard to the subject matter and circumstances of the contract. See Baker and Company, Florida v. Goding, 317 So.2d 118 (Fla. 3d DCA 1975). See also Bay Management, Inc. v. Beau Monde, Inc., 366 So.2d 788, 791 (Fla. 2d DCA 1978)(A court should arrive at a contract interpretation consistent with reason, probability, and the practical aspect of the transaction between the parties.) Grammatical construction of contracts generally requires that a relative or qualifying phrase be construed as referring to its nearest antecedent.
Gold Coast's position was that the language at issue: "[U]pon my termination from employment," should be construed as applying to both involuntary and voluntary terminations of employment. We agree. The logical interpretation of the contract is that it contemplated termination under any circumstances, including voluntary termination by the employee. The qualifying phrase "by the company" referred only to its nearest antecedent. See Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982).
In Wright & Seaton, considering similar facts, the Fourth District rejected the stilted reading adopted by the trial court in this case. In Wright & Seaton the language at issue read:
Therefore, Employee agrees that during his employment by the Company and for a period of three years following the termination of his employment by the Company....
The Fourth District concluded:
appellee argues only appellant's notice of termination of employment actuated the covenant not to compete; since it was he who terminated their relationship, not appellant, the covenant never became operative. He derives this argument from the phrase "termination of his employment by the Company" in the agreement. We disagree with his interpretation. It is plain to us that the phrase "by the Company" in the ... clause of the agreement refers to "employment," not to "termination"....
Wright & Seaton, 420 So.2d at 628-29. As was the case in Wright & Seaton, the contract here was enforceable against Meltzer.
Meltzer's reliance on Frumkes v. Beasley-Reed Broadcasting of Miami, Inc., 533 So.2d 942 (Fla. 3d DCA 1988) does not alter this conclusion. In Frumkes, we observed that non-compete agreements must be construed strictly against the alleged restraint. While our citation in Frumkes to the general law to be applied when construing non-compete agreements is correct and appropriate, the narrow wording of the Frumkes agreement necessitated and justified the result reached in that *647 case. That agreement specifically stated that it became effective "[i]n the event that this [employment] Agreement is terminated by the Company" for cause. Frumkes at 533 So.2d 943. It did not contain the phrase which was present in the Gold Coast contract: "or engagement by the company". The Gold Coast agreement simply did not provide the narrow and unqualified limitation present in Frumkes.
While Gold Coast's position below was that the agreement with Meltzer was ambiguous and thus necessitating parole evidence, we disagree. Rather we find it clear and unambiguous that the promise not to compete, "[u]pon my termination from employment," constituted a promise not to compete in the case of both involuntary and voluntary terminations.
Accordingly, we reverse the order under review and we order judgment in Gold Coast's favor.