PALMER, J.
Heather Heiderich Farmer, D.V.M., and her practice, Equine Performance Veterinary Practice, L.L.C. (collectively Dr. Farmer), timely appeal the non-final order enforcing, by entry of a temporary injunction, a non-compete agreement executed by Dr. Farmer and her former employer, Florida Equine Veterinary Services, Inc. (FEVS).[1] Determining that the trial court entered the temporary injunction based upon an incorrect interpretation of the parties’ non-compete agreement, we reverse.
A trial court’s grant of a temporary injunction is subject to an abuse of discretion standard of review. DiChristopher v. Bd. of County Comm’rs, 908 So.2d 492, 495 (Fla. 5th DCA 2005).
In August 2009, the parties entered into a one-year Employment Agreement that included the following non-compete provision:
B. During the term of this agreement, and for a period of two (2) years after termination thereof, Employee shall not own, manage, operate, control, be employed by, assist, participate in, or have any material interest in any business or profession engaged in general equine veterinary practice located within a thirty (30) mile radius of 19801, County Road 561, Clermont, Florida [FEVS’s business address].
FEVS formally terminated Dr. Farmer’s employment by letter dated July 1, 2010. FEVS later forwarded a separate letter to Dr. Farmer reminding her of the non-compete provision of the Employment Agreement:
The Corporation will expect you to fulfill all of your obligations regarding your covenant not to compete under Section 7 of your Employment Contract. For a term of two years, you will be expected to honor that agreement and not establish an office or locate in any other facility for treating or engaging in a general equine veterinary practice within a thirty mile radius of the Corporation’s location at 19801 County Road 561, Clermont, Florida.
*529 Dr. Farmer thereafter opened her own office located outside the 30-mile radius of FEVS’s location. Several FEVS clients switched to her practice, and some of those clients were located within a 30-mile radius of FEVS’s office.
FEVS filed suit against Dr. Farmer seeking to enforce the parties’ non-compete agreement. The complaint asserted that the fact that Dr. Farmer’s office was located outside the 30-mile radius of FEVS’s office was of no import because the Employment Agreement prohibited her from delivering veterinary services within that 30-mile radius. FEVS moved for a temporary injunction enjoining Dr. Farmer from delivering veterinary services within the 30-mile radius of FEVS’s location.
The trial court granted the motion and entered a temporary injunction prohibiting Dr. Farmer from practicing veterinary medicine within a 30-mile radius of FEVS’s office. In so ruling, the trial court concluded:
The location of her actual office is of no consequence. The issue is where she practices. The Court does not believe it was the intent of the parties to allow Dr. Farmer to set up an office just outside the 30-mile radius and allow Dr. Farmer and Equine Performance Veterinary Practice, LLC (“EPVP”) to treat FEVS’s clients within the restricted area.
Dr. Farmer challenges this ruling, arguing that the non-compete agreement is unambiguous and should have been enforced as written. The clause, according to Dr. Farmer, prohibits her from owning or being employed by a business or profession engaged in equine veterinary practice located within a 30-mile radius of FEVS. It does not, she contends, prohibit her from practicing veterinary medicine anywhere within the 30-mile radius. We agree. Subsection B of the non-compete agreement does not prohibit Dr. Farmer from providing equine veterinary services within á 30-mile radius of FEVS’s office, as long as her business office is outside that radius.
The appellate court is to “ ‘undertake an independent assessment’ ” of the meaning of a covenant not to compete. Envtl. Servs., Inc. v. Carter, 9 So.3d 1258, 1263 (Fla. 5th DCA 2009) (quoting Coastal Loading, Inc. v. Tile Roof Loading, Inc., 908 So.2d 609, 611 (Fla. 2d DCA 2005)). In assessing such a covenant, Florida law specifically provides that “[a] court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement. A court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract.” § 542.335(1)(h), Fla. Stat. (2010).
In Tam-Bay Realty, Inc. v. Ross, 534 So.2d 1200 (Fla. 2d DCA 1988), rev. denied, 542 So.2d 1334 (Fla.1989), a covenant not to compete provided that the sellers of a real estate brokerage firm were not to compete with the business “by opening, operating, serving as an officer, director or other employee of any real estate brokerage business located within the geographical boundaries of Pinellas County, Florida....” Id. After the sale closed, the sellers advertised in the St. Petersburg phone book, obtained a St. Petersburg phone number, ran advertisements that included homes located in Pinellas County in the St. Petersburg newspaper, and listed themselves in a directory as doing business in almost all Pinellas County communities. The buyer sued for breach of the covenant not to compete clause and won, with the trial court ruling:
*530 The Defendants took the position that the covenant not to compete in question precluded them only from opening up a physical place of business or business office within the confines of Pinellas County. The Plaintiff took the position that the covenant not to compete precluded the conduct of business within Pinellas County regardless of the establishment of a physical business location within Pinellas County. The Court finds that the plain meaning of the contract supports the Plaintiffs and not the Defendants’ position in this regard. The Court does not find any ambiguity in the language of the contract and consequently, finds that the evidence presented by the Defendants as to then-subjective intent in entering into the agreement to have no relevance to the construction of the contract and such evidence creates no issue of material fact.
Id. at 1201. However, on appeal, the Second District reversed, concluding that the sellers had not breached the covenant because they had not competed by “opening, operating, serving as an officer or director of any brokerage business located within Pinellas County.” Id. at 1201-02 (emphasis in original). Rather, the sellers had competed within Pinellas County “from a brokerage business located outside of Pi-nellas County thereby adhering to the literal meaning of the non-compete agreement.” Id. at 1202.
As in Tam-Bay Realty, here the parties’ non-compete agreement did not prohibit Dr. Farmer from providing equine veterinary services within the 30-mile radius of FEVS’s office. As such, the trial court erred in entering the temporary injunction.
REVERSED and REMANDED.
JACOBUS, J., concurs.
SAWAYA, J., dissents with opinion.

. Jurisdiction is proper pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure.