500 So.2d 581 (1986)
HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, Appellant,
v.
CITY OF SANIBEL, a Municipal Corporation, Appellee.
No. 86-343.
District Court of Appeal of Florida, Second District.
December 10, 1986.
Rehearing Denied January 14, 1987.
Robert L. Donald and G. Gordon Harrison of Pavese, Shields, Garner, Haverfield, Dalton & Harrison, Fort Myers, for appellant.
Mark R. Boyd of Walsh, Theissen and Boyd, Fort Lauderdale, for appellee.
FRANK, Judge.
Hartford Insurance Company of the Southeast, the appellant in this matter, has sought review of a declaratory judgment in which the trial court found that it had an obligation to defend the City of Sanibel in a pending federal proceeding.
The factual setting pertinent to our disposition is not complex. Couch, Inc., entered into a contract with the City to construct a public street. Ultimately Couch sued the City in a federal district court. It is alleged in the amended complaint filed in the federal action that the project was delayed by the City causing Couch to incur extra costs and that work was performed beyond the contract's terms pursuant to the City's direction. The City requested Hartford, which had provided it with a *582 comprehensive business policy, to defend the federal action. Hartford declined and the City initiated the declaratory judgment action. In a pretrial stipulation, it was agreed, inter alia, that the City would be able to depose a Couch representative, but Hartford expressly reserved the right to contest the admissibility of the deposition; the stipulation further provided that that question would be dealt with in memoranda filed with the trial court. Thus, pursuant to the stipulation, the City deposed Roger Sollie who testified that because of the City's actions or inactions, Couch experienced losses stemming from idle equipment, a dormant asphalt plant it had established in Fort Myers and the non-productivity of employees, all of which resulted in a loss of profits. The stipulation also embodied a provision that if the trial court determined that Hartford had no duty to defend, it would not be responsible for any judgment rendered in the federal court. Thus, the critical issue before the trial court was the scope of the coverage the City had purchased from Hartford.
Hartford contends as its initial point on appeal that the trial court erred in utilizing the Sollie deposition for the reason that its inquiry had to be confined to the allegations set forth in the amended complaint filed in the federal court. We agree. See National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977) (error to rely upon a stipulation to determine coverage). See also Pioneer National Title Insurance Co. v. Fourth Commerce Properties Corp., 487 So.2d 1051 (Fla. 1986). We cannot discern from the trial court's judgment, however, whether it placed reliance upon Sollie's testimony. The City does contend in its brief that Sollie's deposition was needed to overcome ambiguity with respect to the claim pleaded in the federal litigation. The most we can extract from Hartford, on the other hand, is the naked statement in its brief that "it is plain that in the proceedings below the trial court did consider the deposition... ." Surmise, which in part arises from the intensity of the City's belief expressed in its brief that Sollie's deposition is necessary in passing upon this matter, could lead us to believe that the trial court did avail itself of his testimony in reaching the final judgment; but surmise alone will not sustain a conclusion that the trial court committed reversible error. Thus, we pass to Hartford's second contention.
We are in no different position from that of the trial court in determining whether the amended federal complaint and the terms of the Hartford policy disclose a duty in Hartford to defend the City. See, e.g., Folwell v. Bernard, 477 So.2d 1060 (Fla.2d DCA 1985). Our assessment of the two documents compels the conclusion that Hartford has no obligation to defend the City in Couch's action or to stand responsible for any judgment Couch may recover.
Hartford's policy is broadly designed to insure the City against an "occurrence" originating in a claim involving bodily injury or property damage which is neither expected nor intended by the City. Excluded from coverage is the "loss of use of tangible property which has not been physically injured or destroyed" as a consequence of "a delay in or lack of performance by or on behalf of" the City "of any contract or agreement...." At another point in the policy, "property damage" is defined to include a "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." The terms of the policy describe its limitations. Thus, we turn to the relevant allegations of the amended complaint pending in the federal court and find that Couch is seeking recovery from the City for damages flowing from:
1. Extra work, delay and extra safety precautions associated with "working around" the City's water lines.
2. Extra days of work required to accommodate the presence of the City's water lines.

*583 3. Delays resulting from the failure of the City's agents promptly to approve Couch's construction adjustments.
4. The City's breach of its promise to provide Couch with a work site free from obstructing utility lines.
5. Couch's performance of some 11 items of extra, noncontract work undertaken pursuant to the City's agents' direction.
It is manifest from the federal pleading that Couch is not seeking recovery from the City due to any "bodily injury" or "property damage." Equally evident is the fact that the policy's exclusionary language removes Hartford from exposure for the "loss of use of tangible property" when such loss, as Couch alleges to have occurred here, derives from delays attributable to the City because of its breach of a contract. We perceive the final relevant provision to mean that coverage does exist for the "loss of use of tangible property," itself neither injured nor destroyed, but which cannot be used due to another circumstance amounting to a covered event. There is no allegation in the federal action that Couch's losses were an outgrowth of a "bodily injury" or "property damage" not affecting its equipment but having an adverse effect upon its ability or capacity to perform its responsibilities under the contract. Our analysis of Couch's pleaded federal claim makes plain beyond dispute that it ascribes all of the financial detriment it allegedly suffered to the behavior and conduct of the City wholly unrelated to covered events.
Based upon the foregoing, we reverse the trial court and vacate the declaratory judgment entered in favor of the City. This matter is remanded to the trial court for the entry of a final declaratory judgment in favor of Hartford, such judgment to include a declaration that Hartford is not responsible for any judgment rendered against the City in the matter styled Couch, Inc. v. City of Sanibel, et al., Civil No. 84-143-Ft.M-15, United States District Court in and for the Middle District of Florida, Fort Myers Division.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.