**AETNA CASUALTY & SURETY COMPANY, etc., Plaintiff,**

v.

**Wallace SHEFT, etc., et al., Defendants.**

**No. CV 89–1408 AWT.**

United States District Court, C.D. California.

Oct. 31, 1990.

**450**

Michael J. Leahy, Mary Beth Sipos, Lawrence A. Tabb, Haight, Brown & Bonesteel, Santa Monica, Cal., for plaintiff.

Peter M. Fonda, Fonda & Garrard, Los Angeles, Cal., for Wallace Sheft.

## MEMORANDUM DECISION

TASHIMA, District Judge.

This case arises out of an action (the "underlying action") filed in California state court by Marc Christian ("Christian") against Wallace Sheft, the Special Administrator of the Estate of Roy H. Fitzgerald, aka Rock Hudson (the "Estate"). The underlying action seeks damages resulting from Hudson's actions in engaging in "high risk sex" with Christian.

In the underlying complaint, Christian alleged that during the time that he and Hudson were engaging in sex, Hudson knew that he had AIDS and misrepresented his condition to Christian. The jury rendered a verdict against the Estate in the sum of $14,500,000 for intentional misrepresentation, concealment, and intentional infliction of emotional distress. The Estate is currently appealing that verdict and judgment.

Hudson's insurer, Aetna Casualty & Surety Company ("Aetna") filed the present action seeking a declaratory judgment that it is not required to defend or indemnify the Estate in the underlying action.

The parties have made cross-motions for summary judgment and agree that the material facts are undisputed. Aetna contends that both Cal.Ins.Code § 533 and an express exclusion in the homeowner's policy issued to Hudson precludes coverage for damages arising out of Hudson's intentional acts. The Estate contends that both of these provisions require a finding of a "preconceived design to injure" before coverage can be voided. Since there is no evidence that Hudson had a subjective intent to injure Christian, the Estate contends that neither provision absolves Aetna of its obligations under the policy.

Because the parties do not dispute the material facts, the only issue which requires resolution on these motions is the interpretation and application of § 533 and the policy provision.

*Section 533*

Section 533 provides:

An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others.

In *Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 887, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978), the California Supreme Court held that "even an act which is 'intentional' or 'willful' within the meaning of traditional tort principles will not exonerate the insurer from liability under Insurance Code section 533 unless it is done with a 'preconceived design to inflict injury.'" *See also Peterson v. Superior Court,* 31 Cal.3d 147, 159, 181 Cal.Rptr. 784, 642 P.2d 1305 (1982) (similarly concluding that § 533 does not apply "where an act [is] performed without intent to harm").

The California intermediate appellate courts have disagreed over the interpretation of *Clemmer.* Some courts have maintained that under *Clemmer,* only a showing of a subjective intent to injure will exonerate an insurer from liability under § 533. *See, e.g., Republic Indem. Co. v. Superior Court,* 90 Daily Journal D.A.R. 10523, 10525 (1990), *opinion modified,* 90 Daily Journal D.A.R. 11665 (1990); *Transport Indem. Co. v. Aerojet Gen. Corp.,* 202 Cal.App.3d 1184, 1188, 249 Cal.Rptr. 463 (1988).

Other courts have held that the focus of § 533 is on the intention to do the act which causes the damage and that a subjective intent to harm is irrelevant. *See James M. v. Sebesten*, 221 Cal.App.3d 451, 462–66, 270 Cal.Rptr. 99 (1990), *review granted,* —— Cal.3d ——, 272 Cal.Rptr. 291, 794 P.2d 1345 (1990); *United States Fidelity & Guar. Co. v. American Employer's Ins. Co.*, 159 Cal.App.3d 277, 284, 205 Cal. Rptr. 460 (1984). These courts have held that the language in *Clemmer* requiring a "preconceived design to inflict injury" refers only to the capacity of the insured to form the requisite intent, rather than to the difference between the *intent to act* and the *intent to injure*. *James M.*, 221 Cal. App.3d at 462–64, 270 Cal.Rptr. 99; *United States Fidelity & Guar. Co.*, 159 Cal. App.3d at 287, 205 Cal.Rptr. 460; *see also Allstate Ins. Co. v. Kim W.*, 160 Cal. App.3d 326, 334, 206 Cal.Rptr. 609 (1984).

*James M.* is currently pending before the California Supreme Court, which has yet to rule definitively on the issue. When a decision turns on state law, and the state's highest court has not adjudicated the issue, a federal court is bound to make a reasonable determination as to the result the highest state court would reach if it were deciding the case. *E.g., Molsbergen v. United States*, 757 F.2d 1016, 1020 (9th Cir.), *cert. dismissed*, 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985).

Turning to that daunting task, the court concludes that the California Supreme Court would hold that § 533 does not require a subjective intent to injure. The language of § 533 makes clear that an "insurer is not liable for a loss caused by the *wilful act* of the insured." In this case, any liability for Hudson's conduct can only result from Hudson's intentional misrepresentation of his condition at the time he was engaging in intentional, high risk sex with Christian. These acts are "wilful" within the meaning of § 533. Thus, although Hudson may have had no "pre-

conceived design to injure" Christian, § 533 precludes coverage for injury resulting from his acts because they were wilful, *i.e.,* his acts were intentional.

### The Express Policy Exclusion

 Even if § 533 did not preclude coverage for Hudson's intentional acts, coverage would still be precluded under the express policy exclusion. Aetna's homeowner's policy issued to Hudson excludes from coverage "bodily injury or property damage which is expected or intended by an insured."

Here too, California cases are not in agreement in interpreting the term "expected or intended." Some appellate courts have assumed that this language is coextensive with § 533. *See, e.g., Fire Ins. Exch. v. Abbott*, 204 Cal.App.3d 1012, 1021, 251 Cal.Rptr. 620 (1988); *State Farm Fire & Casualty Co. v. Dominguez*, 131 Cal. App.3d 1, 4–5, 182 Cal.Rptr. 109 (1982). Other courts have held that the two provisions are not coextensive. *See, e.g., United States Fidelity & Guar.*, 159 Cal.App.3d at 289, 205 Cal.Rptr. 460; *James M.*, 221 Cal.App.3d at 460, 270 Cal.Rptr. 99.[1]

Because the meaning of the policy language is unclear under California law, the court must resolve the issue as it believes the California Supreme Court would. The court concludes that the policy exclusion is not necessarily coextensive with the statutory language, and should be accorded its plain meaning; there is no ambiguity to resolve. Here, the underlying complaint alleges and the jury found that at the time he was engaging in high risk sex with Christian, Hudson was aware that he had AIDS and intentionally misrepresented his condition to Christian. Assuming these facts to be true, a reasonable person in Hudson's position must have "expected" that Christian would suffer either bodily or emotional distress injury as a result of Hudson's action. Therefore, the policy ex-

---

**1.** Defendant relies on Ninth Circuit cases to support his argument that the two provisions are "coextensive." *See State Farm Fire and Casualty v. Abraio*, 874 F.2d 619, 620 n. 3 (9th Cir.1989); *State Farm Fire & Casualty Co. v.*

*Estate of Jenner*, 874 F.2d 604, 606 (9th Cir. 1989). However, the Ninth circuit is not the final arbiter of California law. Moreover, *James M.* was decided after the Ninth Circuit cases relied on by defendant.

clusion for injury *"expected* or intended by an insured" precludes coverage.

*Conclusion*

Because both § 533 and the express policy exclusion preclude coverage for injury resulting from Hudson's acts, the court concludes that Aetna is required neither to defend nor to indemnify the Estate in the underlying action. Summary judgment is granted in favor of the plaintiff; defendant's motion for summary judgment is denied. Judgment shall be entered consistent herewith.