**TRANSCONTINENTAL INSURANCE COMPANY, Plaintiff,**

v.

**ICE SYSTEMS OF AMERICA, INC., Defendant.**

**No. 93–1378–CIV–T–17(B).**

United States District Court, M.D. Florida, Tampa Division.

March 29, 1994.

Chris Ballentine and Jennifer A. Grandoff, Fisher, Rushmer, Werrenrath, Keiner, Wack

948

& Dickson, P.A., Orlando, FL, for Transcontinental Ins. Co.

William Casey McIntyre, William C. McIntyre, P.A., Stuart, FL, for Ice Systems of America, Inc.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion for Final Summary Judgement (Docket No. 14); Defendant's response thereto (Docket No. 18); Defendant's Counter–Motion for Final Summary Judgment (Docket No. 19); and Plaintiff's response thereto (Docket No. 29).

This case involves a claim for declaratory judgment arising out of a suit in the Sixth Judicial Circuit in Pinellas County, Florida.

## I. FACTUAL BACKGROUND

The Tampa Bay Hockey Group (TBHG) owns a National Hockey League Franchise known as the Tampa Bay Lightning. In 1991, TBHG contracted with Ice Systems of America, Inc. (ISA) to set up a portable rink suitable for ice hockey. On September 27, 1991, TBHG scheduled an exhibition game for its team, the Tampa Bay Lightning, to play against the Boston Bruins. This game was to be played on the portable rink provided by ISA, which was to be set up at the Florida Suncoast Dome, known now as the Thunderdome, located in St. Petersburg, Florida.

On September 27, 1991, ISA set up the rink and prepared for the game. Apparently the ice on the rink never froze properly, rendering the ice too soft, making it unplayable. In fact, when the players attempted to skate on the rink, several players' skates actually cut through the ice surface. TBHG was forced to cancel the game because of the unplayable and dangerous ice.

As a result of this cancellation, TBHG suffered damages in the form of lost business. Reliance Insurance Company (Reliance) had issued a policy to TBHG providing coverage in the event of hockey game cancellations. Reliance paid $163,735.00 in insurance benefits to TBHG as a result of the September 27, 1991, game cancellation. In the state court suit mentioned above, Reliance, as subrogee of TBHG, sued ISA for breach of contract due to improper installation of the rink for the canceled exhibition games.

Transcontinental Insurance Company (TCI) issued a general liability insurance policy to ISA in 1991. Under that policy, TCI agreed to insure ISA subject to some exclusions. ISA claims that TCI is obligated to indemnify and defend ISA under the stated policy in the state court suit. TCI claims that it is not obligated to defend and indemnify ISA in the state court suit because of exclusions in the policy. TCI first claims that it is not obligated to defend ISA against a claim that ISA provided an unsuitable ice rink because its policy does not apply to property damage to ISA's product or work product. TCI further claims that the state court suit is based upon breach of contract, and breach of contract does not constitute a covered occurrence under TCI's policy with ISA.

## II. ARGUMENTS

TCI brought this action for declaratory judgment in this court to determine whether it is obligated to defend and indemnify ISA in the state court action.

Specifically, TCI, in its Motion for Final Summary Judgment (Docket No. 14), argues that ISA's claim is not covered by the insurance policy issued by TCI. TCI argues that Exclusion M of the policy excludes property damages arising from an insured's work or work product. TCI points out that the Complaint in the state court lawsuit alleges that ISA failed to provide a suitable ice rink for the Lightning to play on, thus resulting in the cancellation of the games. TCI points out that the Complaint in state court alleges only that ISA failed to perform a contract in accordance with its terms.

ISA responded to this argument by entering a response (Docket No. 18) and a Counter–Motion for Final Summary Judgment (Docket No. 19). In its response, ISA alleges that there are genuine and material facts involved in this dispute, such as whether there was sudden and accidental injury to the

ice rink, and whether the fact that the TBHG owned the ice rink renders Exclusion M inapplicable.

In its Counter–Motion for Final Summary Judgment (Docket No. 19), ISA argues that TCI agreed to indemnify ISA and defend ISA in any lawsuit seeking such damages when TCI issued the insurance policy. According to ISA, in the state court complaint, the plaintiff alleges that ISA improperly installed and damaged the ice rink, which ISA alleges TBHG owned. ISA further states that the state court complaint and discovery allege sudden and accidental injury to the ice rink. Sudden and accidental injury is covered under the TCI policy, and thus ISA maintains that TCI has a duty to indemnify and defend it in the action in state court.

In TCI's response to Defendant's Counter–Motion for Final Summary Judgment (Docket No. 29), it alleges that the complaint in the state court suit makes no allegations of sudden and accidental injury to the ice rink. TCI further states that the complaint in the state court suit alleges only economic losses, and that TCI's policy does not cover economic losses, but only property damage. In its next argument, TCI states that even if Exclusion M is inapplicable, Exclusions J(4), J(6), K, and L prohibit coverage. Finally, TCI argues that whether TBHG owned the hockey rink creates a genuine issue of material fact which precludes a summary judgment in favor of ISA.

### III. ANALYSIS

This court has jurisdiction over this issue because of diversity of parties under 28 U.S.C. § 1332. One party is an Illinois corporation and the other is a Colorado corporation. The amount in controversy is expected to be over $50,000.00, depending on the outcome of the state court suit. The venue is properly in the Middle District of Florida, because the events leading to the insurance claim occurred in this district.

Plaintiffs are requesting a declaratory judgment under 28 U.S.C. § 2201, and have moved for summary judgment on the issue of whether they must defend and indemnify Defendants in the state court suit. Defendants have entered a counter-motion pursu-

ant to Rule 56 of the Federal Rules of Civil Procedure. This Court is satisfied that the procedure in this cause has been correctly followed.

■ A court which sits in diversity jurisdiction is required to apply the rules of law for the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In the case at bar, this Court is faced with interpreting an insurance policy as it applies to a suit filed in state court. Also, both the Eleventh Circuit and this Court have decided that the Florida Supreme Court would probably follow Section 193 of the Restatement Second of Conflicts of Law, encouraging the application of local law in the state in which the insured is located. *Shapiro v. Associated Int'l Ins. Co.*, 899 F.2d 1116 (11th Cir.1990); *Pulte Home Corp., Inc. v. Ply Gen Indus., Inc.*, 804 F.Supp. 1471 (M.D.Fla.1992). The final decision of whether the insurance company must defend its insured is based upon the complaint and affidavits entered in the lower court. Therefore, this Court will apply Florida law when deciding the issue.

■ In a motion for summary judgment, a court looks to the allegations filed in the complaint, any affidavits which are attached, and decides whether there is a genuine issue of material fact. If there is no dispute over a material fact, summary judgment is proper. *Evans v. Firestone*, 457 So.2d 1351 (Fla. 1984). If any fact exists which could lead a factfinder to find for the defendant, then the Plaintiff's Motion must be denied. Conversely, if any fact exists which could lead a factfinder to find for the plaintiff, the Defendant's Counter–Motion must be denied.

■ In the case of a declaratory judgment to determine coverage, the court may look only to the four corners of the complaint alleging a claim against the insured to determine if those allegations fall within the coverage of the insurance policy. *National Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533 (Fla.1977); *Kings Point West, Inc. v. North River Ins. Co.*, 412 So.2d 379 (Fla. 2d DCA 1982). If the allegations in the complaint alleging a claim against the insured either are acts not covered by the

policy or are exclusions from the policy's coverage, the insurer is not obligated to defend or indemnify the insured. *Landis v. Allstate Ins. Co.,* 546 So.2d 1051 (Fla.1989); *Federal Ins. Co. v. Applestein,* 377 So.2d 229 (Fla. 3d DCA 1979).

In the present case, the complaint that this Court is deciding upon is filed in the state court suit. That complaint states that it is based upon a breach of contract. Specifically, Reliance claims that ISA breached its contract to provide a suitable playing surface for the exhibition game by: (1) improperly setting up and installing the portable ice rink, (2) improperly installing the electrical wiring in the ice rink thereby causing delays in the ice making process, (3) improperly installing the water lines in the ice rink thereby causing delays in the ice making process, (4) improperly installing the piping in the ice rink, and (5) improperly sealing the plastic sheeting on the ice rink floor. Reliance further claims that ISA had a duty to properly perform all of the above listed duties pursuant to the contract between TBHG and ISA. Reliance also states that because these duties were not performed properly, ISA breached its contract with TBHG.

█ The insurance policy issued by TCI to ISA contains several exceptions. Exclusion M states that the policy does not apply to:

"Property damage" to "impaired property" or property that has not been physically injured arising out of:

1. A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or

2. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to your product or your work after it has been put to its intended use.

This exclusion is commonly called the "impaired property" exclusion, and is included in a policy to prevent the insured from claiming economic losses resulting from the insured's work or work product. (Pl.'s Mem. of Law in Supp. of its Mot. for Final Summ. J. (Docket No. 15) at 8–9.)

There are three rules regarding the applicability of exclusions such as Exclusion M. The first is that if the complaint fails to allege injury to other property, and merely alleges economic loss resulting from injury to the product itself, the exclusion is applicable. *St. Paul Surplus Lines Ins. Co. v. Diversified Athletic Services,* 707 F.Supp. 1506 (N.D.Ill.1989); *Jakobson Shipyard, Inc. v. Aetna Casualty and Sur. Co.,* 775 F.Supp. 606 (S.D.N.Y.1991), *aff'd* 961 F.2d 387 (2d Cir.1992); *Hartford Ins. Co. of Southeast v. City of Sanibel,* 500 So.2d 581 (Fla. 2d DCA 1986). The second is that if the complaint alleges or otherwise establishes damage to other property, Exclusion M will not apply. *Imperial Casualty and Indem. Co. v. High Concrete Structures, Inc.* 858 F.2d 128 (3d Cir.1988). The third is that Exclusion M does not apply to situations arising from a sudden and accidental injury to the product which results in economic loss. *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc,* 748 F.2d 568 (11th Cir.1984); *American Int'l Underwriters Corp. v. Zurn Indus., Inc.* 771 F.Supp. 690 (W.D.Pa.1991); *Commercial Union Ins. Co. v. R.H. Barto Co.,* 440 So.2d 383 (Fla. 4th DCA 1983).

█ Nowhere in the state court complaint does Reliance mention accidental injury to property. Further, Reliance alleges that it is subrogated to TBHG for $163,735.00, for what appear to be purely economic damages resulting from the cancellation of the hockey game. Because this Court can look only to the four corners of the state complaint to decided whether TCI is obligated to indemnify or defend ISA, the Court may look only at what is alleged in the state court complaint. All of the allegations in the state court complaint fall within the exceptions to the insurance policy in question. Therefore it is the decision of this Court that TCI is not obligated to defend or indemnify ISA in the state court action in question, because the allegations in the state court complaint fall within the stated exceptions to the policy.

 In addition, there are other exclusions to the policy which would also prohibit ISA's claim against TCI. Exclusion J(4) prohibits coverage for property damage to "[p]ersonal property in the care, custody, or control of the insured." Exclusion J(6) prohibits coverage for property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." Exclusion K prohibits coverage for " '[p]roperty damage' to 'your product' arising out of it or any part of it." Exclusion L prohibits coverage for " '[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.' "

Exclusion J(4), by its literal reading, prohibits coverage for property damage to the ice rink even if the rink was owned by TBHG, as the ice rink was personal property and obviously in the control of ISA, which may be discerned from the fact that ISA was supposed to ensure that the ice formed. Exclusion J(6), by its literal reading, prohibits coverage for property damage if ISA performed its work incorrectly and the rink had to be repaired. Exclusion K prohibits coverage for any property damage arising out of ISA's product itself. Therefore, even if Exclusion M did not apply, and even if the complaint below had alleged property damage, it is likely that the policy would not cover such damage.

This Court notes that its sister court for the southern district of Florida has reached a decision similar to the one this Court enters today. In *Casualty Indem. Exch. v. Small Fry, Inc.*, the court stated that "[u]nder Florida Law, the court must look solely to the allegations in the complaint to determine the insurer's duty to defend, not the actual facts known to or ascertainable by the insurer." 709 F.Supp. 1144, 1145 (S.D.Fla.1989). However, this Court also notes that if the state court complaint included allegations that the damage caused to the rink was accidental or sudden, or was otherwise negligent, TCI might be required to indemnify and defend ISA against any such claim. As that issue is not before this Court, this Court issues no opinion on the matter. It is therefore,

**ORDERED** that Plaintiff's Motion for Final Summary Judgment (Docket No. 14) be **granted;** Defendant's Counter–Motion for Final Summary Judgment (Docket No. 19) be **denied;** and the Clerk of Court **shall** enter judgment for Plaintiff consistent with this opinion.

**DONE AND ORDERED.**