ALLSTATE INSURANCE COMPANY,

v.

Mickey MYERS, as personal representative for the Estate of Ahern D. Welsh and James D. McGinnis, Jr.

No. 96–56–CIV–T–24(C).

United States District Court, M.D. Florida, Tampa Division.

July 19, 1996.

Darryl L. Gavin, Rumberger, Kirk & Cald-well, P.A., Orlando, FL, for Allstate Ins. Co.

James Lee Clark, Law Office of James L. Clark, Tampa, FL, for Mickey Myers.

Jere Martin Fishback, Jere M. Fishback, P.A., St. Petersburg, FL, for James D. McGinnis, Jr.

### ORDER

BUCKLEW, District Judge.

THIS CAUSE is before the Court on Plaintiff, Allstate Insurance Company's Motion for Final Summary Judgment (Dkt. No. 9). Plaintiff filed a declaratory action in this court to determine its rights and obligations in connection with a counterclaim filed by defendant James D. McGinnis, Jr. against defendant Mickey Myers as personal representative of the estate of Ahern D. Welsh. Plaintiff argues that it is not obligated to provide a defense or indemnification in connection with the counterclaim. This matter was referred to Magistrate Judge Elizabeth A. Jenkins who has entered a report recommending that the motion for final summary judgment be granted. Neither party has filed any objections to the magistrate judge's report and recommendation.

Therefore, this Court finds that the magistrate judge's report finding that the policy exclusion applies and there is no liability coverage under the policy and thus no duty to defend or indemnify should be adopted.

ACCORDINGLY, it is ORDERED:

1. That the magistrate judge's report and recommendation is adopted, and incorporated herein.

2. That the plaintiff's motion for final summary judgment is granted.

3. The clerk shall close this file.

### REPORT AND RECOMMENDATION

JENKINS, United States Magistrate Judge.

Before the court is Plaintiff's Motion for Final Summary Judgment (Dkt. 9), and defendants' response (Dkts. 12 and 14).[1]

On January 10, 1996, plaintiff filed this declaratory action to determine its rights and obligations in connection with a counterclaim filed by defendant McGinnis against defendant Myers as personal representative of the estate of Ahern D. Welsh. Plaintiff now moves for final summary judgment and a declaration that it is not obligated to provide a defense or indemnification in connection with the counterclaim.[2]

I

Defendant Welsh was insured by the plaintiff insurance company from July 16, 1991

---

1. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D.Fla.

2. Plaintiff is presently providing a defense to the Estate of Ahern D. Welsh in this state action styled *Estate of Ahern Welsh v. Marshall Austin, et al.*, Case No. 94–05080 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

through July 16, 1995 under a mobilehome policy. In 1990 Welsh and McGinnis became romantically involved and engaged in sexual relations. In 1990 and 1991, Welsh was allegedly informed by his physicians that he was infected with the human immunodeficiency virus (HIV) and was advised that he should take precautions to prevent transmitting the virus to others through sexual contact. Welsh died on March 2, 1994.

In August 1994 defendant McGinnis filed a counterclaim against the personal representative of defendant Welsh's estate alleging that Welsh knew he had HIV yet failed to disclose this information to McGinnis. The counterclaim alleges that although Welsh was informed by his physicians he was HIV positive and should take precautions to prevent transmitting HIV to others, he failed to inform McGinnis of his HIV positive status and that as a proximate result of his unprotected sexual relations with McGinnis, McGinnis was infected with HIV. McGinnis, who learned that he was infected with HIV in June 1992, seeks damages and costs against Welsh's estate. Upon service of the counterclaim, Welsh's estate sought liability coverage under the mobilehome policy.

Plaintiff argues that it has no duty to defend or indemnify under the policy because the allegations of the underlying counterclaim show that McGinnis' alleged injuries resulted from Welsh's intentional and/or criminal conduct. In support, plaintiff relies upon Fla.Stat. § 384.24 and a policy provision excluding coverage for intentional or criminal acts reasonably expected to result in the alleged injury.

Defendants argue that the policy exclusion only applies where the sustained injury "may reasonably be expected to result" from the criminal act. Defendants argue that Welsh's violation of section 384.24 alone does not result in the exclusion of coverage as the counterclaim alleges negligent conduct by Welsh and not intentional acts. Because there is no allegation in the counterclaim that Welsh intended or reasonably expected McGinnis to be infected with HIV through their sexual relations, defendant contends that plaintiff must provide coverage.

According to defendants, plaintiff is only entitled to summary judgment if the court finds that any sexual relations between Welsh and McGinnis would inevitably result in McGinnis being infected with HIV. Defendants contend that plaintiff offers no scientific support of this fact and thus, the motion for summary judgment must be denied.

## II

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the initial burden of coming forward with proof of the absence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

This burden may be satisfied by showing an absence of evidence to support the nonmoving party's case, where the nonmoving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–325, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265 (1986). If the moving party has the burden of proof at trial, the party must affirmatively show the absence of a genuine issue of material fact by supporting "its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331, 106 S.Ct. at 2557.

If the moving party comes forward with this proof, then the burden shifts to the party opposing the motion for summary judgment to "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Mere allegations of denial are insufficient to meet the burden of opposing summary judgment, and the party resisting summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). However, "(t)he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn

in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

An issue is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

This is a diversity action which requires this court to apply Florida law. *See Transcontinental Ins. Co. v. Ice Systems of America, Inc.,* 847 F.Supp. 947, 949 (M.D.Fla. 1994).

■ It is undisputed that under Florida law, whether plaintiff owes the insured the duty to defend is determined by examining the allegations in the complaint, or in this case, the counterclaim. *See Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.,* 358 So.2d 533, 535 (Fla.1977). *See also Transcontinental,* 847 F.Supp. at 949–50. If the counterclaim establishes that a policy exclusion applies, then there is no duty to defend or indemnify. *Id.; Federal Ins. Co. v. Applestein,* 377 So.2d 229, 231 (Fla. 3d DCA 1979). All doubts as to whether a duty to defend exists must be resolved against the insurer and in favor of the insured. *Grissom v. Commercial Union Ins. Co.,* 610 So.2d 1299, 1307 (Fla. 1st DCA 1992); *rev. denied,* 621 So.2d 1065 (Fla.1993).

The counterclaim alleges the elements set forth in Florida Statute section 384.24. The counterclaim alleges that: (a) Welsh was informed by his physicians that he was infected with HIV and should take precautions to prevent transmission of HIV to others with whom he had sexual contact; (b) he failed to inform McGinnis of his HIV-positive status; (c) he failed to take adequate precautions to prevent transmitting HIV to McGinnis during their sexual relations; (d) he engaged in sexual relations with McGinnis during the years 1990 and 1991; and (e) as a proximate result of Welsh's negligence, McGinnis was infected with HIV.

Section 384.24 provides in relevant part:

It is unlawful for any person who has ... human immune deficiency virus infection, when such person knows he is infected with one or more of these diseases and when such person has been informed that he may communicate this disease to another person through sexual intercourse, to have sexual intercourse with any other person, unless such person has been informed of the presence of the sexually transmissible disease and has consented to the sexual intercourse.

Fla.Stat. § 384.24.

A person who violates this statute is guilty of a misdemeanor of the first degree, punishable by up to one year in prison or up to a $1,000.00 fine. *See* Fla.Stat. §§ 384.34, 775.082(4)(a), 775.083(1)(d).

The mobilehome insurance policy issued to Welsh covers certain losses "which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage." (Dkt. 1, Exh. A, Sec. II, Coverage X). However, the policy does not cover "any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person." (Dkt. 1, Exh. A, p. 17).

Plaintiff alleges that Welsh's actions violated Fla.Stat. § 384.24. Defendants do not dispute this contention. Because Welsh knew he had HIV and was informed by his physicians that he could communicate the disease through sexual intercourse, it was unlawful for Welsh to have sexual intercourse with McGinnis because he failed to inform McGinnis that he was HIV-positive and then receive his consent to sexual intercourse. The counterclaim tracks the language of section 384.24 and alleges a criminal act on the part of Welsh.

■ The next question presented is whether McGinnis' injuries "may reasonably be expected to result from" the criminal act or were "in fact intended by an insured person." A court must construe insurance

contracts in accordance with the plain language of the policy. *See generally State Farm and Casualty Co. v. Marshall,* 554 So.2d 504, 506 (Fla.1989) (*per curiam*). The plain language of this provision is unambiguous and excludes coverage when a reasonable person would know that the harm would reasonably result or when the insured subjectively intends to commit the harm. *See Allstate Ins. Co. v. S.L.,* 704 F.Supp. 1059, 1060 (S.D.Fla.1989) (construing exact same provision in sexual molestation context), *aff'd,* 896 F.2d 558 (11th Cir.1990); *Allstate Ins. Co. v. Travers,* 703 F.Supp. 911, 915 (N.D.Fla.1988) (exclusion provision for injuries that "may reasonably be expected to result" from criminal or intentional acts found to incorporate an objective test).

█ Thus, under an objective test, the question is whether a reasonable person would reasonably expect that having unprotected sexual intercourse when he knows that he is HIV-positive and can transmit the disease to others through sexual intercourse would result in the sexual partner being infected with HIV. While disputed by defendant, a reasonable person in Welsh's position would reasonably expect that the harm suffered by McGinnis, ie., becoming HIV-positive, would occur. *See Aetna Casualty & Surety Co. v. Sheft,* 756 F.Supp. 449, 451 (C.D.Cal.1990) (reasonable person would expect his sexual partner would suffer bodily injury or emotional distress as a result of failure to disclose AIDS), *aff'd,* 989 F.2d 1105 (9th Cir.1993); *R.W. v. T.F.,* 528 N.W.2d 869 (Minn.1995) (transmission of herpes through unprotected sexual intercourse substantially certain to occur and did in fact occur, thus, intentional as a matter of law).

When evaluating the counterclaim in conjunction with the policy provisions, Welsh's criminal acts under section 384.24 were reasonably expected to result in the harm sustained by McGinnis. Thus, the acts alleged in the counterclaim are excluded from the policy's coverage and plaintiff has no duty to defend.

█ Plaintiff also argues that the injury to McGinnis was reasonably expected to result from Welsh's intentional acts. The counterclaim alleges that although Welsh knew he was HIV-positive and the disease could be transmitted through sexual intercourse, Welsh engaged in sexual intercourse with McGinnis without informing him that he was HIV-positive, which was the proximate cause of McGinnis being infected with HIV. Based on the allegations in the counterclaim, Welch's intentional acts of engaging in sexual relations with McGinnis, knowing that he was HIV-positive and could communicate the virus through sexual contact, was reasonably likely to result in bodily injury to McGinnis. As stated above, under the exclusion provision of the policy, subjective or specific intent to harm is not required when a reasonable person would know that the harm would likely occur from the intentional acts.

Plaintiff next contends that assuming specific intent to injure were required, under the circumstances presented, it can be inferred as a matter of law. *See generally Allstate Ins. Co. v. Bailey,* 723 F.Supp. 665, 669 (M.D.Fla.1989); *Landis v. Allstate Ins. Co.,* 546 So.2d 1051, 1053 (Fla.1989) (specific intent to cause harm not required where harm suffered naturally and inevitably flowed from the insureds' acts); *R.W.,* 528 N.W.2d at 872–73. However, the Florida cases cited by plaintiff involve sexual molestation of children. This court declines to extend the law by holding that intent can be inferred as a matter of law under the circumstances as it is unnecessary to reach the issue.

█ The fact that the counterclaim alleges negligent transmission of HIV as opposed to intentional acts does not defeat plaintiff's motion for summary judgment. Defendants' reliance on *Gabriel v. Tripp,* 576 So.2d 404 (Fla. 2d DCA 1991) where the court held that a properly pled section 384.24 constitutes a prima facie case of negligence is misplaced. Under the policy, there is no coverage when the harm "may reasonably be expected to result" from the criminal or intentional act. Because this court finds that specific intent is not required under the policy exclusion, the fact that section 384.24 is not a specific intent crime has no bearing on the analysis.

A reading of the counterclaim establishes that plaintiff has no duty to defend because Welsh's criminal acts may reasonably expect

to result in the injuries sustained by McGinnis. Based on the foregoing, this court finds that the policy exclusion applies and there is no liability coverage under the policy, thus, no duty to defend or indemnify. Plaintiff's motion for final summary judgment should be granted.

It is therefore RECOMMENDED that:

(1) Plaintiff's Motion for Final Summary Judgment (Dkt. 9) be GRANTED.

Dated: June 26th, 1996.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).