731 So.2d 852 (1999)
Shelley McKAY as Assignee of the Right and Title and Interest of Acacia Gardens, Inc., a Florida corporation, Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation authorized to do business in Florida, and James Bowman, Jointly and severally, Appellees.
No. 98-0549.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
*853 Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and John A. Shipley of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellant.
Kimberly L. Boldt of Russo Appellate Firm, P.A., Miami, and Butler, Burnette & Pappas, Tampa, for appellees.
TAYLOR, J.
In this appeal from an order dismissing a complaint with prejudice, the issue is whether the plaintiffs claim against State Farm and its agent for negligent failure to provide necessary insurance coverage was a compulsory counterclaim in State Farm's declaratory judgment action to determine whether coverage existed. We find that it was not and that the trial court erred in dismissing the negligence complaint against State Farm and its agent. Below we discuss the history of these proceedings, which involved four lawsuits.

First lawsuitPlaintiff's personal injury action
The plaintiff/appellant, Shelley McKay, was injured when she opened a window of a leased condominium unit. She claimed that the window was negligently maintained and sued the lessee of the condominium unit and the unit owners for her injuries. Prior to trial, McKay entered into an agreement with the unit owners wherein, in exchange for McKay's agreement not to execute any judgment she obtained against them, the unit owners assigned her their rights against Acacia Gardens, Inc. ("Acacia"), the condominium owners' association, for failing to provide the unit owners with insurance coverage for McKay's injuries. McKay proceeded to trial against the unit owners, who were unrepresented, and received a jury verdict for $902,687.

Second lawsuitPlaintiff's action, as assignee of unit owners' rights, against Acacia
Plaintiff, as assignee of the condominium unit owners' rights against Acacia, sued Acacia for breach of contract in failing to provide the unit owners with casualty insurance as required by the association's covenants. According to plaintiff, Acacia's Declaration of Covenants and Restrictions required it to maintain casualty insurance on all dwellings in the association. The unit owners had compensated Acacia to procure such insurance in accordance with the condominium bylaws. The trial court entered a summary final judgment in plaintiff's favor in the amount of $902,687, ruling that Acacia had failed to provide the unit owners with casualty insurance for plaintiff's injuries.

Third lawsuitState Farm's declaratory judgment action for determination of insurance coverage
While the second lawsuit was pending, State Farm Fire and Casualty Company, Acacia's insurer, filed a declaratory judgment action seeking a determination of its rights and obligations under the policy of insurance held by Acacia. Acacia and the unit owners counterclaimed for declaratory relief, contending that State Farm's insurance policy did provide coverage for plaintiffs injuries. The court entered summary final judgment in favor of State Farm, holding that the policy excluded coverage for plaintiffs injuries and finding that State Farm was not obligated to defend or indemnify the unit owners in the first lawsuit brought by the plaintiff against them. Additionally, the court entered summary declaratory judgment in favor of State Farm and against Acacia, ruling that State Farm's policy did not provide coverage for the second lawsuit and that State Farm *854 had no duty to defend or indemnify Acacia in that lawsuit.

Fourth LawsuitPlaintiffs action, as assignee of Acacia's rights, against State Farm and Agent Bowman
Following a determination in the third lawsuit that there was no insurance coverage for plaintiff's injuries under the insurance policy issued to Acacia by State Farm, Acacia sued State Farm and its agent, James Bowman, alleging that State Farm was negligent in failing to procure casualty insurance coverage required by the condominium covenants. Subsequently, Acacia assigned this claim against State Farm and its agent to plaintiff, in exchange for her agreement not to execute on the judgment she had obtained against Acacia from the jury verdict. Plaintiff then substituted herself as plaintiff in this fourth lawsuit, as assignee of Acacia's rights against State Farm and Bowman.
In the complaint filed in this fourth lawsuit, the principal allegations were as follows: Since 1983, the defendants, State Farm and its exclusive agent, James Bowman, had provided Acacia with insurance; the defendants held themselves out as having particular knowledge and expertise regarding insurance and the specific insurance needs of Acacia; and Acacia relied upon defendants for advice regarding its insurance needs. Plaintiff alleged that the defendants were negligent in failing to provide Acacia with insurance coverage required by its condominium documents, and that their negligence resulted in the $902,687 judgment against Acacia.
State Farm and Bowman filed a motion to dismiss the complaint, contending that the insurance negligence claim that Acacia assigned to plaintiff, and which formed the basis of her lawsuit, should have been brought in the declaratory judgment action (the third lawsuit) as a compulsory counterclaim. Defendants also argued that Bowman was an indispensable party to the declaratory judgment action. Upon agreement of the parties, the trial court took judicial notice of the second and third law-suits. The trial court concluded that the negligence claim presented in this lawsuit constituted a compulsory counterclaim that should have been brought by Acacia in the declaratory judgment action and, further, that Bowman was an indispensable party to that declaratory judgment action. Accordingly, the court granted State Farm's motion to dismiss and entered a final order dismissing the negligence action with prejudice. Plaintiff filed this appeal from the order of dismissal.

The Compulsory Counterclaim RuleFla. R.Civ.P. 1.170(a)
An essential characteristic of a compulsory counterclaim is that it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fla. R. Civ. P. 1.170(a). Rule 1.170(a) provides in pertinent part as follows:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction... (emphasis added)
The Florida Supreme Court has held that the logical relationship test propounded in Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., 426 F.2d 709 (5th Cir.1970), is the proper yardstick for measuring whether a particular claim is a compulsory counterclaim. Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla. 1992). The test is stated as follows:
[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional *855 legal rights in a party defendant that would otherwise remain dormant.
Id. (quoting Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981) (quoting Revere, 426 F.2d at 715) (emphasis in original)).
Here, plaintiffs action against State Farm and Bowman for negligent failure to provide proper insurance coverage for Acacia does not arise out of the same aggregate of operative facts as State Farm's declaratory judgment action to determine whether coverage existed for plaintiffs injuries. One lawsuit involved an interpretation of the scope of coverage under State Farm's policy. The other involved whether or not the insurance agent was negligent in failing to provide the proper type of coverage. The coverage issue in the declaratory judgment action could be determined from the language found within the four corners of the insurance policy, since the court found the policy to be unambiguous. See Transcontinental Ins. Co. v. Ice Sys. of America, Inc., 847 F.Supp. 947 (M.D.Fla.1994). For that reason, the agent who sold the policy of insurance was not an indispensable party. Parol evidence is not admissible where the terms of a contract are complete and unambiguous. See, e.g., Nevel v. Monteleone, 514 So.2d 383, 384 (Fla. 4th DCA 1987).
The action to establish the negligence of the insurer and his agent in failing to issue a policy with proper coverage is not based on the same operative facts as the action to determine whether coverage existed. See, e.g., Sandbulte v. Farm Bureau Mut. Ins. Co., 343 N.W.2d 457 (Iowa 1984); United States Fire Ins. Co. v. Parks, 239 N.C. 680, 80 S.E.2d 641 (1954). The negligent procurement action alleges a breach of duty by the insurance agent and insurer in failing to make certain that coverage omitted from that policy, but needed by the insured, was provided. A controversy separate from the insurance coverage issue, its determination depends upon distinct and unrelated facts, such as the ongoing business relationship between Acacia and the insurance agent and other factual circumstances that may have created a duty in providing insurance advice and coverage to Acacia. Cf. Commercial Ins. Consultants, Inc. v. Frenz Enters., Inc., 696 So.2d 871(Fla. 5th DCA 1997) (determination of whether insurance broker has failed to procure insurance is ordinarily a question of fact).
In sum, the same operative facts supporting the State Farm declaratory judgment action do not support this negligence action. The negligence claim does not satisfy the Londono logical relationship test, but rather presents a "separate controversy with distinct facts." As such, Acacia had no obligation to bring the negligence action as a counterclaim in State Farm's previously filed declaratory judgment action. We, therefore, reverse the order dismissing plaintiffs complaint with prejudice.
REVERSED AND REMANDED.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.